Terhune v. Henry & Carmichael.

TERHUNE v. HENRY & CARMICHAEL.

1. WITNESS: ADMINISTRATOR COMPETENT. In a proceeding in the Probate Court to enforce the payment of a claim against the estate of a decedent, the executor is a competent witness as to facts which occurred after the death of the deceased. Rev. of 1860, § 3980; *Romans* v. *Hays' Administrator*, 12 Iowa, 270.

2. EVIDENCE AND INSTRUCTIONS. The sufficiency of evidence tending to show fraud in obtaining a check, as a basis for an instruction, considered.

3. EVIDENCE: PLEADINGS: EXECUTION OF NOTE. Under chap. 108, Laws of 1853, the supposed maker of a bill or note may prove that it was not his deed. The burden of proving the execution can be placed upon the holder only by a sworn denial. Following *Lyon* v. *Bunn*, 6 Iowa, 48.

Appeal from Scott District Court.

THURSDAY, APRIL 11.

THE facts are stated in the opinion of the court.

Grant & Smith for the appellant, cited The School Inspectors v. Hughes, 24 Ill., 231.

Cook & Drury for the appellee, relied upon Ruble v. Mc-Donald, 7 Iowa, 90; Jourdan v. Reed, 1 Id., 135; Freeman v. Rich, Id., 504; The State of Iowa v. Tomlinson, 11 Iowa, 102; Mann et al. v. Clifton, 3 Blackf., 304; Johnson v. Moulton, 1 Scam., 532; Smith v. Schultz, Id., 491; Sullivans v. Dollins, 13 Ill., 85; Lehigh v. Hodges, 3 Scam., 15; Bloomer v. Denman, 12 Ill., 240; Loury v. Orr, 1 Gil., 70; Dawson v. Robins, 5 Id., 72; Wheeler v. Shields, 2 Scam., 348; Kincaid v. Turner, 2 Gilman, 618; Douglass v. Tousey, 2 Wend., 352; Griffith v. Welling, 3 Binn., 317; Cain v. Henderson, 2 Binn., 108; Campbell v. Sproat, 1 Yates, 327.

BALDWIN, C. J. —This was a proceeding to establish a claim in the Probate Court against the estate of one Carmichael, deceased. Upon the trial in the District Court, one of said executors was introduced by defendants and permitted to testify as to certain facts as occurring after the death of deceased. This ruling is the first error assigned. It has been held by this court in the case of Romans v. Hays, Admr., 11 Iowa, 270; that section 3980 of the Revision affects only the competency of the party or person in whose behalf an action is brought against an administrator of a decedent. Upon the authority of this case we hold that the court did not err in the admission of this testimony.

It is next assigned as error, that the court erred in its instructions to the jury. The claim of plaintiff is founded upon a check signed by the deceased. The defendants in their answer deny that the deceased ever executed and delivered to the plaintiff the check sued on. Under this issue the defendants introduce evidence which, it is claimed, tends

to prove that notwithstanding the check was signed by deceased, that it was so signed for another and different purpose than that of being evidence of any indebtedness to plaintiff. It is claimed, in the defence, that the deceased was a railroad contractor; that the plaintiff was employed as his clerk; that checks were signed in blank by deceased and placed in the hands of plaintiff that he might settle with and pay off persons employed by deceased; that the check sued on came into the possession of the plaintiff in this manner; that it was signed in blank by deceased, but was filled by plaintiff, wrongfully and without the knowledge or consent of deceased, and for an amount not owing to plaintiff. The court instructed the jury that if they should believe from the evidence that the plaintiff had the check sued on in his possession, with the name of Carmichael signed thereto, but not filled up as to amount, date or payment; and being so possessed of the check thus signed, the plaintiff afterwards filled out said check in his own name, and without authority from Carmichael, and without consideration, the plaintiff cannot recover.

It is objected that there is no evidence to justify such an instruction, and that it tended to mislead the jury. We do not regard this objection as well taken. The maker of the check being dead the defense made must, as a matter of necessity, be established by circumstantial evidence. Many circumstances are detailed in the testimony which certainly do raise some violent presumptions of fraud by the plaintiff. The fact that a person would hold a check for such a large sum of money for eighteen months without presentation, is not without some significance. The fact that in the frequent interviews with the executors, in speaking of the claim of plaintiff for services, the check is never named, for nine months after made, the alteration in the date of the check, and the check-book and the tabs therein, as offered in evidence, each tend to show the jury that the claim of

plaintiff was a fraudulent one. We are inclined to the conclusion that the instruction as given was not wholly hypothetical, as is claimed, but the facts as detailed justified the instruction as given.

The court, in connection with the foregoing instruction, directed the jury that the existence of the check, filled up and signed by the maker, is *prima facie* evidence of its being genuine, and that this presumption must be rebutted by the supposed maker, by proof that it was filled up without his knowledge or consent. With this qualification by the court, we do not think the jury could have been misled, as the law is correctly and clearly stated.

It is further claimed that there was no issue to justify the instructions given. The answer was not sworn to. It merely denies that the deceased ever executed and delivered the note sued on.

We do not understand that under the act of 1853, chap. 108, referred to by counsel, it is required of the supposed maker of a bill or note to deny, under oath, its execution, before he can plead or prove that it was not his deed. We understand this law to declare, that where the execution of a note or bill is not denied, the holder in his action is not required to prove the signature, before he can introduce such note in evidence.

If the execution is denied, under oath, the burden of proof is thrown upon the holder. But the defendant may, without answering under oath, deny such execution, and support his answer by proof. See *Lyon* v. *Bunn*, 6 Iowa, 48.

Affirmed.