[No. 710.   August 25, 1897.]

NEW MEXICO NATIONAL BANK, Plaintiff in Error, v. GEORGE L. BROOKS, Defendant in Error.

GARNISHMENT—NOTICE—SUFFICIENCY—EXEMPTION.—In a proceeding by garnishment, of which defendant had notice, but it was not shown how he received such notice, where judgment was rendered against defendant and process of garnishment served on his debtor, defendant's counsel drawing the garnishee's answer, with instructions from defendant to garnishee's counsel to file it within the prescribed time, and several conversations occurring thereafter between defendant and them in relation thereto, defendant failing to make any claim of exemption for more than three months —Held: That though defendant might not have known when the answer was filed, he had ample notice of the garnishment proceeding, and sufficient opportunity to make his exemption claim before entry of final judgment against the garnishee.

ID.—FINAL JUDGMENT—RES ADJUDICATA—JURISDICTION.—Held: That defendant having failed to file his claim of exemption before final judgment against the garnishee, such judgment was conclusive of the question, and res adjudicata, and the court without jurisdiction to order the fund garnished to be paid over to defendant.

Id.—Exemption—Affidavit—Practice, Trial.—Held: That an affidavit filed by the defendant in a garnishment proceeding, claiming exemption, is not conclusive, but may be traversed by the plaintiff.

Id.—Affidavit—Issues—Trial.—Held: That, in a garnishment proceeding, the issues raised upon the affidavit of defendant and the traverse of its truth by plaintiff, may be tried by the court without a jury, in the absence of any statute prescribing any method of inquiry in such case.

Id.—Exemption Laws 1887, p. 73—Statutory Construction.—Held: That the law of 1887, exempting the personal earnings of the debtor and his minor children, for three months, from attachment or other process, was not intended to encourage extravagance and the evasion of just debts, but for the necessary support of the debtor's family and himself; and that $3,600 a year is more than sufficient to support comfortably any average family.

*Error*, from a judgment for defendant on his intervening petition claiming the fund attached as exempt, to the Fifth Judicial District Court, Socorro County. Reversed and remanded, with directions.

The facts are stated in the opinion of the court.

S. Burkhart and J. G. Fitch for plaintiff in error.

The principal question presented here is as to the jurisdiction of the district court, the defendant claiming below that he was not a party to the garnishment proceedings as no formal notice was given to him. The only notice he was entitled to was the demand provided for by Comp. Laws, 1884, sec. 2159, which was given him.

Defendant is not entitled to notice of garnishment proceedings, unless such notice is required by statute. 8 Am. and Eng. Ency. Law, 1127; Phillips v. German, 43 Ia. 101; Gibson v. Haggerty, 37 N. Y. 555.

Exemption is a personal privilege which must be set up by the debtor himself. The garnishee can not claim it for him. Conley v. Chilicothe, 26 Ohio St. 320. Moon v. R. R. Co., 43 Ia. 385; Osborn v. Schutt, 67 Mo. 712; Howland v. R. R. Co., 36 S. W. Rep. (Mo.) 29; Ely v. Blackmer, 20 South. Rep. (Ala.) 570; Thomp. Home and Exempt., sec. 860

et seq.   See, also, Wap. Attach. and Gar., pp. 527, 528; same, pp. 777, 882; 8 Am. and Eng. Ency. Law, 1225; Miller v. Sherry, 2 Wall. 273; Rector v. Ratton, 3 Neb. 171; Barton v. Brown, 68 Cal. 11; Haas v. Straw, 91 Ind. 384; State v. Manley, 15 Id. 8; Perkins v. Bragg, 29 Id. 507; Randolph v. Little, 62 Ala. 396; State v. Bernendes, 2 South. Rep. 425; Craft v. Hubbard, 9 South. Rep. (Ala.) 328; Stroner's Ex'r v. Becker, 44 Pa. St. 206; Blair v. Steinman, 52 Id. 423; Jones v. Tracey, 75 Id. 417.

The right claimed by defendant, it is true, is based upon a statute and was unknown at common law, but it is a legal, as distinguished from an equitable, right, and, therefore, triable by jury.   Parson v. Bradford, 3 Pet. 443-447; Scott v. Nichols, 27 Miss. 94; 60 Am. Dec. 503.

There is nothing in the statute making the affidavit of defendant, setting up his exemption, absolutely conclusive, nor requiring the court to allow the exemption.   Muzzy v. Lantry, 2 Pac. Rep. (Kan.) 1102; Cuching v. Quigley, 28 Id. (Mont.) 337.

WARREN, FERGUSSON & GILLETT for defendant in error.

The court did not err in permitting defendant to intervene and claim exemption.   Mull v. Jones, 33 Kan. 112; 5 Pac. Rep. 288; Phelps v. R. R. Co., 13 Kan. 32; Buckland v. Tonsmane, 90 Ala. 503, 8 South. Rep. 68; Crisp v. Fort Wayne, etc., 98 Mich. 648; 57 N. W. Rep. 1050; Wales v. Muscatine, 4 Ia. 362.

The weight of authority is that exemption is a right vested by law, and that it is the duty of the garnishee to claim it for the defendant; and his failure to do so in no manner binds the claimant.   Watkins v. Cason, 46 Ga. 444; City of Bedford, 20 Fed. Rep. 57; Pierce v. Chicago, 36 Wis. 283; Mace v. Heath, 51 N. W. Rep. 317, 822; Chicago v. Ragland, 84 Ill. 375.

A claim for exemption can be made at any time before the amount of judgment has been actually paid over to

plaintiff, even if not after that time. U. P. R'y. Co. v. Smersle, 36 N. W. Rep. 139; Iliff v. Arnott, 3 Pac. Rep. 525; State v. Judge, 2 South. Rep. 425; Randolph v. Little, 62 Ala. 396; Clark v. Orvill, 76 Am. Dec. 131; Emmons v. Southern, etc., 7 S. E. Rep. 332.

In this case the exemption was made to appear by affidavit, and the statute makes no provision for a traverse and trial by jury. Letts, etc., v. McMaster, 49 N. W. Rep. 1035; Bintrolustle v. Woodward, 7 S. W. Rep. 465; Will v. Cohn, 63 Fed. Rep. 759. See, also, Cooley's Const. Lim., 504; Kelley v. Andrews, 62 N. W. Rep. (Ia.) 853; Wriber v. Ford, 63 Id. (Minn.) 1075; Bank v. Wilson, 43 Id. (Wis.) 153; State v. Judge, 2 South. Rep. 425.

The court rightly found, from the evidence, that the compensation earned by defendant during the period in question, was necessary for his support and that of his family, in a proper and suitable manner. Hamberger v. Marcus, 27 Atl. Rep. (Pa.) 681; Sydnor v. Galveston, 15 S. W. Rep. 202; Howell v. Dowell, 1 Atl. Rep. 474; Brown v. Hebard, 91 Am. Dec. (Wis.) 408.

LAUGHLIN, J.—On June 6, 1894, the plaintiff, the New Mexico National Bank, recovered a judgment in the district court for Socorro county against the defendant, George L. Brooks, for $10,734.32 and costs. On April 27, 1896, execution was issued directed to the sheriff of Bernalillo county, who called upon defendant to pay the same, or to show sufficient goods, chattels, effects and lands whereof the same might be satisfied, which defendant failed to do, and the sheriff, failing to find property of defendant, at the request of plaintiff served the Atchison, Topeka & Santa Fe Railroad Company with garnishment process. On June 2, 1896, the said railroad company entered its special appearance, and moved to quash the garnishment proceeding. On June 6 this motion was overruled, and the garnishee was ruled to answer plaintiff's interrogatories within ten days. The garnishee accordingly filed its answer, showing that it was indebted to

the defendant, Brooks, on account of his salary as its live-stock agent for the months of April and May, 1896, in the sum of $400, said salary being $200 per month.   On June 20, the court rendered judgment against the said garnishee for the $400, admitted to be due defendant by its answer.   It was afterwards shown that the defendant, Brooks, had actual notice of these garnishment proceedings, having been promptly notified by the garnishee; that the garnishee's answer was drawn up by the defendant's attorneys, and that defendant himself took said answer to the attorneys of the garnishee with the request that it be filed in time.   But it is not shown that defendant knew when garnishee's answer was filed.   On October 2, 1896, the defendant, Brooks, filed his petition claiming the money for which judgment had been rendered against the garnishee as exempt, for the reason that it was his personal earnings, and necessary for the support of himself and family. The court thereupon ordered a stay of execution as against the garnishee until the matter could be heard, and defendant thereupon filed a motion to set aside the judgment against the garnishee, or to perpetually stay execution on the same.   On October 12, the court overruled this motion, but ordered the money due from the garnishee to be paid into the registry of the court, and allowed the defendant, Brooks, ten days in which to file his claim for the same.   The defendant accordingly filed his claim for said money as exempt, and on November 6 the court entered an order, over the objection and exception of the plaintiff, permitting the defendant to intervene and to be heard upon his claim of exemption as to the money collected from the garnishee, and setting the matter down for hearing, the defendant's right of exemption being denied by plaintiff.   On December 7 the court made an additional order setting the matter down for hearing, to which plaintiff also excepted.   The plaintiff then demanded a jury trial as to the defendant's right of exemption, which the court refused, and plaintiff excepted.   The matter came on for trial before the court January 2, 1897, the court holding that the burden of proof was on the plaintiff to show that the money was not

exempt. The court found that the money collected from the garnishee, and then in the registry of the court, was necessary for the support of defendant and his family, ordered that it be allowed as an exemption, and paid over to defendant. Plaintiff filed a motion for a new trial, which was overruled, and thereupon sued out a writ of error.

There will be but four propositions considered in this case: First. Whether the final judgment against the garnishee was res adjudicata. Second. Did the court below rule correctly in permitting plaintiff to traverse defendant's affidavit in his intervening petition? Third. Was plaintiff entitled to trial by jury? And, fourth, was the finding of the court supported by the evidence?

The plaintiff in error contends that the judgment rendered against the garnishee is res adjudicata, and that, therefore, the court was without any jurisdiction to grant the defendant's intervening petition. It

GARNISHMENT: notice: sufficiency: exemption.

is admitted that the counsel for defendant, Brooks, knew that process of garnishment had been served on the garnishee railroad company, and that his counsel drew up the answer to the garnishment proceedings, and that defendant, Brooks, delivered the answer so drawn up to the counsel for garnishee, and cautioned them to be sure and file it within the time prescribed, and that he knew that the answer was forwarded to the proper officer of the garnishee railroad company to be signed, but that he (defendant) did not know when it was filed in the court, and that defendant, Brooks, took no further notice of the garnishee proceedings until the second day of October, 1896, and more than three months after the final judgment had been rendered against the garnishee. The defendant contends (1) that he was a necessary party to the garnishment proceedings, and that he was not so made a party thereto, and (2) that it was the duty of the garnishee to claim for him, the said defendant, in its answer. With respect to the first proposition, the statute provides as follows, to wit: Section 1945, Comp. Laws, 1884: "The plaintiff may exhibit in the cause

written allegations and interrogatories at the return term of the writ, and not afterwards, touching the property, effects, and credits attached in the hands of any garnishee. The garnishee shall exhibit and file his answer thereto, on oath, during such term, unless the court for good cause shown shall order otherwise. In default of such answer, or of a sufficient answer, the plaintiff may take judgment by default against him, or the court may, upon motion, compel him to answer by attachment of his body." Section 1946, Comp. Laws 1884: "Such judgment by default may be proceeded on to final judgment in like manner as in cases of the defendant in actions upon contracts, but no final judgment shall be rendered against the garnishee until there shall be final judgment against the defendant." The statute is silent as to the necessity of any process or notice to the defendant after judgment final against him on execution. But it does provide that judgment shall not go against the garnishee until after final judgment against the main defendant. As before stated, the defendant had notice that garnishment proceedings had been served upon the garnishee, but it is not shown how he received such notice. However, he procured the answer for the garnishee to be drawn by his own counsel, delivered the same to the counsel of the garnishee, and cautioned them to see that it was filed seasonably. He had several conversations with one of the counsel for the garnishee about the matter thereafter, yet he failed to make any claim for exemption for more than three months. While he might not have known when the answer was filed, we are of opinion that he had ample notice of the garnishment proceedings, and sufficient opportunity to come in and make his exemption claim before entry of the judgment final against the garnishee. The judgment against the garnishee recites as follows, to wit: "And it appearing to the court by the answer of the said garnishee that the said garnishee is now indebted to the said defendant, George L. Brooks, in the sum of four hundred dollars, which said sum is now due and owing to said defendant on account of his salary as live-stock agent for said garnishee for the months of April

and May, A. D. 1896, it is therefore considered by the court
that the plaintiff, the New Mexico National Bank, do have
and recover of the said garnishee, the Atchison, Topeka &
Santa Fe Railway Company, the said sum of four hundred
dollars so due and owing from the said garnishee to the said
defendant, George L. Brooks, as aforesaid." The counsel for
defendant, on October 12, 1896, filed a motion to vacate this
judgment, and the court, on the hearing, denied the motion,
and the judgment stands unmodified, and not appealed from.
We are of opinion, and so hold, that this judgment is a finality,
and a complete bar as against the defendant, Brooks; and that
the court was without any jurisdiction to make the order on
the second day of January, 1897, requiring the money then in
the hands of the clerk to be paid over to the said defendant,
Brooks. Exemption is a personal right, and the party wishing
to avail himself of that right must make his claim and assert it
seasonably. The defendant should have filed his claim before
judgment final against the garnishee. This he did not do,
and he lost his personal right. "If a judgment debtor suffer
property or credits of his to be subjected to garnishment, mak-
ing no exception or objection till the garnishee has been con-
demned to pay or deliver for execution, his right of exemption
is lost." Waples, Attachm. 527. Randolph v. Little, 62 Ala.
396, is a garnishment proceeding similar to the case under con-
sideration, and it was held that the court had no jurisdiction
to order the money paid over to the defendant in the original
judgment, who failed to file his claim for exemption until after
judgment against the garnishee. The court said: "As we
have said above, the circuit court had jurisdiction to discharge
the garnishee, or to render judgment against him. After the
judgment was rendered against the garnishee, that court had
no authority to make the order that the money, when collected,
should be paid to Russeau. That order was without jurisdic-
tion, is void, and is hereby vacated." It was held in the case
of Miller v. Sherry, 2 Wall. 237—a case in which the defend-
ant in the original judgment filed his claim for a homestead
after final decree had been entered approving the sale of the

homestead, as follows: "In regard to the homestead right claimed by the plaintiff in error, there is no difficulty. The decree under which the sale was made to Bushnell expressly devested the defendant of all right and interest in the premises. It can not be collaterally questioned. Until reversed, it is conclusive upon the parties, and the reversal would not affect a title acquired under it while it was in force." In the case of Rector v. Rotton, 3 Neb. 171, in which the defendants claimed for the first time a homestead right to a tract of land sold under a foreclosure sale, on a proceeding for the confirmation of the sale, the court said in commenting on this point: "But I have said the right secured to the head of a family by the homestead act is a personal one, and, being personal, it may, of course, be waived. It may be lost, even where no contract has been made respecting it, by not claiming the protection of the statute at the proper time.   *   *   *   The rule of law, applicable alike to proceedings in equity and actions at law, undoubtedly is that, after a judgment or decree in rem against him, it is too late for a party to the record to assert any claim to the property, either as a homestead or otherwise, which might have been made and determined in that suit. Were it otherwise, it would be quite difficult to put an end to litigation." In Perkins v. Bragg, 29 Ind. 507, the court, in commenting on the exemption statute of that state said: "The question involved in the case is, can an attachment defendant, after judgment and an order of sale of the attached property, claim it as exempt from sale on the final process issued on such judgment? In State v. Manly, 15 Ind. 8, it was held in the negative. It is claimed that that ruling is wrong. The statute on the subject is this: 'That an amount of property not exceeding in value three hundred dollars, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied.' It is argued that this provision is broad enough to and does embrace final process on judgments in attachment, in which there is

an order for the sale of attached property. The order of attachment only reaches lands and tenements, goods and chattels, of the defendant, subject to execution. Whether the property attached is subject to execution is res adjudicata after judgment in attachment. The judgment against the property is a judgment in rem, and is as conclusive as a judgment against the person." The rule laid down in State v. Manly, supra, was affirmed. See, also, Slaughter v. Detiney, 15 Ind. 49; Sibbald's Case, 12 Pet. 492; Bank v. Beverly, 1 How. 134; State v. Bermudez (La.), 2 South. 425; Barton v. Brown, 68 Cal. 11. This doctrine has been repeatedly affirmed by the supreme court of Pennsylvania under a statute similar to our own. In Bair v. Steinman, 52 Pa. St. 423, that court held that: "Though a debtor is entitled to the statutory exemption of $300 worth of his estate as against the process we call attachment execution, he is to obtain it, as in other cases, by demanding it of the officer when the process is served, or within a reasonable time thereafter. *   *   * If, as in this instance, he fail to make a demand, a subsequent plea of his rights will not avail him. This was ruled in Strouse's Ex'r v. Becker, 44 Pa. St. 206, and we do not see that there is anything else in the case." Jones v. Tracy, 75 Pa. St. 417. We think the case of Muzzy v. Lantry, 2 Pac. 103, is clearly distinguishable from the case at bar in this. In that case the defendant to the original suit appeared, and filed his affidavit in due form, and claimed the money in the hands of the garnishees before any judgment was obtained against them; and the court properly held that the money was exempt from execution process under the statute, and ordered the garnishees to pay the money due from them to the original defendant in the first instance, and no judgment was entered against them in favor of the plaintiffs. That is a very different case from the one under consideration. Defendant in error cites Mull v. Jones (Kan. Sup.), 5 Pac. 388, as authority in support of his contention that the judgment in this case is not res adjudicata. In that case the plaintiffs, Mull & Son, obtained a judgment

against the defendant Brown, and about a year thereafter in-
stituted garnishment proceedings against the garnishee de-
fendant Jones, and at the trial it was found that Jones, the
garnishee, was indebted to defendant Brown, and the gar-
nishee was directed to pay the money into the justice court,.
which he refused to do, and the plaintiffs, Mull & Son, insti-
tuted proceedings under a statute of that state to recover the
money from Jones, the garnishee.    The plaintiffs contended
in that case that the order by the justice of the peace on the
garnishee to pay the money into court was conclusive on the
garnishee, but the court held that it was not on the decision in
the case of Board v. Scoville, 13 Kan. 17.    In speaking of
such orders made by a judge pro tem of the district court, and
by the justice of the peace, the court say:    "Neither of said
orders is a judgment.    The making of them is not an adjudi-
cation between the parties.    It does not determine their ulti-
mate rights.    It simply gives to the creditor the same right
to enforce the payment of the money from the garnishee that
the debtor previously had.    It is, in effect, only an assignment
of the claim from the debtor to the creditor.    The creditor
gains no more or greater rights than the debtor had, and the
garnishee loses no rights, and the payment of the money can
be enforced from the garnishee to the creditor only by an ordi-
nary action."    That decision was based on section 490 of the
Code of Civil Procedure of Kansas, which directs that the
garnishee pay the money found due from him into court, and
is not a final judgment against the garnishee and in favor of
the plaintiff.    In the case at bar the judgment of the district
court was final, and the plaintiff was authorized to recover the
sum of $400 from the garnishee, and this judgment was in
compliance with the statute (section 1948, Comp. Laws 1884):
"If by the answer not excepted to or denied, it shall appear
that the garnishee is possessed of property or effects of the
defendant, or is indebted to the defendant the value of the
property or effects, or the debt being ascertained, judgment.
may be rendered against the garnishee."    In Mull v. Jones,.
supra, the contention was between the plaintiffs and the

garnishee, and was decided upon the theory that it was the duty
of the garnishee to disclose that the money in his possession
due the defendant was exempt, and therefore not subject to
execution; and in that case it was expressly held that: "While
exemption is, in a certain sense, a privilege, and one which
may be waived by the person entitled thereto, yet it is a priv-
ilege which continues in a debtor until he waives the same.
It will hardly be contended that the defendant has forfeited
or waived that privilege until he has had notice of the garnish-
ment proceedings. If, upon notice, he should expressly waive
the exemption, or if, after notice, he should neglect and refuse
to assert, the privilege and claim the exemption, it possibly
might be treated as an implied waiver of his right which would
protect the garnishee, in case he should pay over the money
or deliver the property, from any subsequent action brought
by the debtor against him to recover the same." That is
exactly what we hold the defendant, Brooks, did in this case—
that he had full notice of the garnishment proceedings, and
procured his counsel to prepare and draw the answer for the
garnishee, and refused to assert his exemption claim, and then
for more than three months after the final judgment against
the garnishee neglected to make any claim of his privilege of
exemption.

We are of opinion that the principle is well established
upon reason and authority that under statutes similar to our
own a final judgment in favor of the plaintiff and against the
garnishee, after notice to the defendant of the garnishment
proceeding, in whatsoever way obtained by him, and his fail-
ure, neglect, or refusal to assert his personal
privilege of the right of exemption seasonably,
is res adjudicata. The position taken by de-
fendant in error that he was a necessary party
to the garnishment proceeding, and should have been served
with some kind of process notifying him of that fact, is unten-
able. He was already a party to the judgment against him,
and was in court for all purposes pertaining to the enforce-
ment of that judgment. When the execution was placed in

TRIAL judgment:
res adjudicata.

the hands of the sheriff of Bernalillo county for collection, he called upon the defendant to pay it, which he refused to do. He then demanded that the defendant point out property to. be levied upon.    This the defendant refused also to do.    The sheriff then served the garnishment proceeding upon the agent of the garnishee railroad company.    This was all the statute required the execution plaintiff to do.    There is no statute requiring anything else to be done, and in the absence of a statute it is not necessary to give defendant in execution any· further notice.    8 Am. and Eng. Ency. of Law, 1127; Phil-lips v. Germon, 43 Iowa, 101.    It has been held in many states that the garnishee must protect the exemption rights of his creditor under the exemption statutes of those states, but, as the garnishee is not a party to this case, we refrain from expressing any opinion upon that question.

2.    Defendant in error contends that the affidavit filed by him claiming the exemption was conclusive, but the court permitted plaintiff to traverse and deny the facts set up in it; and we think this is the proper practice, and that the court did not err in this ruling.    If an affidavit made by a defendant, claiming that the money or property garnished is exempt, and necessary for the support of himself and family, should be held not traversable, then all parties to the proceeding would be concluded from inquiring into the truth of such allegations, and any defendant might then claim and hold anything he might swear was exempt property.    The exemption statute was never intended for such a purpose, but it only gives a personal privilege to claim and hold the things named in the statute; and whether the things claimed in the affidavit are with the purview of the statute is the very matter to be determined in a proper manner, and this can be done only upon the traverse of the truth of the affidavit.

*EXEMPTION: affidavit: practice: trial.*

3.    Did the court commit error in denying plaintiff's demand for a jury to try the issues raised upon the affidavit of

defendant and the traverse of the truth by the plaintiff? The difficulty which first confronts

AFFIDAVIT: issues:
trial.

us with respect to the plaintiff's right to have the issue raised by his traverse tried by a jury is that this is not an original action between the parties, but is supplemental proceeding on the execution, and is in the nature of a substitute for a creditors' bill at common law. Freem. Judgm., sec. 327. The issues and proceedings are informal, and the judge may order the witnesses before him, and hear the proofs, or he may refer the matters to a referee to hear and take the proofs, and report to the judge; and, so long as we have no statute prescribing any specific method of procedure, this proceeding affords a complete remedy, broad in its scope, and one of which neither party may justly complain, as its sole purpose is to bring the judgment debtor before the court or judge at chambers, for the purpose of inquiring into his business affairs, and to purge his conscience as to his ability, willingness or unwillingness to pay his debts. It is true that it is a summary and effectual one, but it is an inexpensive and speedy remedy in its nature, and so it must necessarily be, for the reason that the right of exemption is purely statutory, and in the nature of an action in rem. And we have no statute prescribing a method of inquiry into the conscience of the execution debtor when his property is taken under garnishment proceedings, or as to his ability or willingness to pay, or as to how much of the property so garnished is necessary for the support of himself or his family, and by this proceeding the court is enabled to so do, and to reach the res. McCullough v. Clark, 41 Cal. 298; Adams v. Hackett, 7 Cal. 187; Freem. Ex'ns, secs. 392-395, and authorities there cited. We therefore hold that the court below did not err in refusing plaintiff's demand for a jury trial.

4. The last question for consideration here is, did the court err in finding that the money garnished was necessary

for the support of the defendant or his family during the time specified? The defendant, Brooks, filed his affidavit on October 2, 1896, in which he stated that he was a resident of the territory, the head of a family consisting of himself, his wife, and two children, who were dependent upon him and his earnings for support, that the money garnished was his personal earnings for the months of April and May, 1896, and was necessary to the support of himself and his family. These facts were traversed by the plaintiff, and upon the issues so joined the court set the matter down for hearing at chambers, without a jury, over the objections of the plaintiff. The statute under which the defendant claimed his right of exemption is as follows, to wit: "Sec. 6. The personal earnings of the debtor, and the personal earnings of his or her minor child or children, for three months, when it is made to appear by affidavit of the debtor, or otherwise, that such earnings are necessary to the support of such debtor, or of his or her family, and such period of three months shall date from the time of issuing any attachment or other process, the rendition of any judgment, or the making of any order, under which any attempt may be made to subject such earnings to the payment of a debt." Laws 1887, p. 73. The question presented for determination in the district court under this statute is this: Was the money garnished necessary to the support of the defendant or his family? The court heard the testimony orally, and the plaintiff called the defendant, Brooks, who testified that he was a resident of the territory, and the head of a family consisting of himself, his wife, and two children, and that the money garnished was his personal earnings as salary due him from the garnishee as live stock agent of the garnishee railroad company for the months of April and May, 1896, and that such earnings were necessary for the support of himself and his family, during that time. He also testified that he was earning during those months $200 per month from the garnishee railroad company, and $100 per month as assistant general manager of the Aztec Land & Cattle Company, Lim-

EXEMPTION law, 1887: statutory construction.

ited, and $16.65 per month as secretary of the Western Union Cattle, Land & Irrigation Company, and $40 per month as manager of Grant Bros.' cattle business, and $125 per month as assignee of the Caulkins Cattle Company; making his personal earnings per month for the months of April and May, 1896, $481.65. He also testified that his children consisted of two sons, at that time nineteen and seventeen years, respectively, and that the eldest was earning a salary of $50 per month; thus making the total personal earnings of defendant and his son during the two months in question $531.65 per month. It further appears from defendant's testimony that these salaries had been earned for some months prior to and subsequent to the said months of April and May, but it is not shown that each of said salaries was paid promptly at the end of each month, but it is not denied that any of them were not paid within a reasonable time thereafter; and that he lived in a house then belonging to his wife. The defendant also testified that these earnings during this time were necessary to the support of himself and his family dependent upon him in the style and mode of living to which he and his family had been accustomed, and that the expenses for the support of himself and his family for any given year were about $3,600. The court found that the money garnished was necessary to the support of the defendant, Brooks, and his family and ordered that it be paid by the clerk of the court to the defendant. We are of the opinion that the court below erred in finding that the money so garnished was exempt under the statute, because it appears from the defendant's own testimony that his expenses for himself and his family for any given year were about $2,000 less than his own personal earnings, besides the $600 per year the personal earnings of one of his sons. We do not think the facts disclosed by this record warrant the finding of the district court. The legislature, in conformity with public policy now generally prevalent, enacted the exempting statute to encourage the formation of the family relation by conferring upon the heads of household privileges to protect their families against want in the event of misfortune, but it

was never intended that these generous provisions should be prostituted to the encouragement of extravagance, and the evasion of just indebtedness by indulgence in luxurious living. The statute exempts the personal earnings of the debtor entitled to its benefits to the amount necessary for the support of his family, and courts in administering the law should take into due consideration the facts and circumstances of each case. An allowance ample for a household of simple and moderate habits would be adequate for one accustomed to abundance; and it would be not less harsh to deny to the latter means commensurate with their reasonable necessaries than to fail to accord to the former a liberal proportion of his earnings. In the case at bar it is manifest from the facts in the record that the defendant was earning at the time under consideration about $2,000 per year more than the sum required and necessary for the support of himself and his family. It is a matter of common knowledge that $3,600 is more than ample and sufficient to support any average family in comfort and ease. The judgment of the lower court is reversed, and remanded, with costs of this proceeding against the defendant, with directions to the court below to direct the clerk to pay to the plaintiff in error, the New Mexico National Bank, the $400 now in his hands, less the costs of the garnishment proceedings.

Smith, C. J., and Collier, and Bantz, JJ, concur.
VOL. 9 N. M.—9