Louis L. Friedman, J.
Petitioner moves for an order imposing a lien upon the proceeds of this action. He alleges that he is a former attorney for the plaintiff, having been retained in January, 1956. The papers indicate that sometime in May of 1955, the plaintiff had retained still another attorney to represent him in connection with an action for personal injuries which was to be instituted against the defendant herein. When petitioner was retained in 1956, he represented the plaintiff before the United States Department of Labor, Bureau of Employees’ Compensation, and there submitted a notice of election to sue defendant as a third party. In May, 1956, suit was instituted in behalf of plaintiff against this defendant in the Federal court by reason of the same accident and injury which was the basis of the retainer of the other attorney in May of 1955. Notwithstanding that two previous attorneys have been engaged, plaintiff in September of 1956, retained his present attorney. The action was instituted by said attorney in this court and is presently pending. In May of 1957, the last attorney moved in the Federal District Court action for an order substituting himself as the attorney in place and stead of the present petitioner, that the petitioner’s fees for services rendered be determined, and that the action itself be consolidated into the present Supreme Court action. Upon examination of the facts, the United States District Court found that there was no diversity of citizenship between plaintiff and defendant and thereupon, on its own motion, dismissed the entire action. The right to an attorney’s lien depends upon the language of section 475 *617 of the Judiciary Law, and unless petitioner can bring himself within the terms of that statute, he is not entitled to any relief. Under section 475, the statutory lien of an attorney accrues only to the attorney of record in an action or special proceeding (Johnson v. Jahr, 1 A D 2d 579) and will not attach otherwise even though the attorney may have performed preliminary services for the client (Matter of Feuerman, 199 Misc. 936). Petitioner not being “ the attorney who appears for a party ” cannot, accordingly, impress any lien on this action. Any lien which he may have had in the action in the Federal District Court expired upon the dismissal of the said action (Matter of Cooper [McCauley], 291 N. Y. 255).
Submit order.