### UNITED STATES of America

#### v.

**Frank F. COMI, James M. Hepbron, as Police Commissioner of the City of Baltimore, Maryland, and George J. Brennan, as Executive Secretary to the Police Commissioner of the City of Baltimore, Maryland.**

#### Civ. No. 9566.

United States District Court
D. Maryland.

Dec. 15, 1958.

Leon H. A. Pierson, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Ellis Levin, Maurice T. Siegel, David H. Goldberg, and Calman A. Levin, Baltimore, Md., for Comi.

C. Ferdinand Sybert, Atty. Gen. of Maryland, and Clayton A. Dietrich, Asst. Atty. Gen. of Maryland, for Hepbron and Brennan.

THOMSEN, Chief Judge.

The question presently before the court is whether the defendants Hepbron and Brennan are entitled to a jury trial on the issues raised by their answer and their cross-claim filed herein.

The complaint alleges that during the months of August, September and October, 1955, the defendant Comi was engaged in the business of accepting wagers or conducting a wagering pool or lottery. Wagers in the amount of $169,854.08 were placed with him or in such pool or lottery, which were subject to the excise tax imposed by 26 U.S.C.A. § 4401. Jeopardy assessments of such taxes were made in March, 1956, and October, 1956, in amounts totaling $25,478.12, including penalties. On May 8, 1956, a jeopardy assessment of $2,021.90 for Comi's 1955 income tax was made. Notice of each of those assessments was given to Comi and payment was demanded and not made. On various dates in September and October, 1956, the District Director of Internal Revenue filed with the Clerk of this Court a notice under 26 U.S.C.A. § 6323, claiming a lien on behalf of the United States on all of Comi's property for the amount of each assessment, with penalties and interest as allowed by law. Notice of levy was served on the defendant Hepbron as Police Commissioner of the City of Baltimore, and on the defendant Brennan as Executive Secretary to the Police Commissioner. The complaint also alleges that Hepbron and Brennan have in their possession and under their control at least $12,330 of money belonging to the defendant Comi. The government prays: (1) that it be adjudged and decreed that defendant Comi is indebted to it in the amount of $27,500.02, with interest; (2) that defendants be required to answer and set forth any claim they may have to the whole or any part of the money; (3) that the merits of all claims to and liens upon the money be determined; (4) that the government's liens be established and foreclosed; (5) that the money be distributed; (6) that the government have a judgment against Comi for such part of $27,500.02 as may remain unsatisfied, together with interest; and (7) for other and further relief.

Comi answered, contesting the validity of the assessments and denying any tax liability except for his 1955 income taxes. Hepbron and Brennan answered, admitting certain allegations of the complaint and denying others, and claiming that Hepbron, "as Trustee of the Special Fund (created by Article 4, Public Local Laws of Maryland, as codified in Sections 580 through 596, Charter and Public Local Laws of Baltimore City (1949))" re-

ceived and now holds $12,332.50 cash, "which was reduced to possession by officers of said James M. Hepbron, as Police Commissioner for the City of Baltimore, on October 17, 1955, during the course of the gambling raid on the premises known as 137 North Milton Avenue, Baltimore City, Maryland"; and that Hepbron has held the cash since that date without any claim therefor having been presented by Comi. Hepbron asserts that he holds title to the $12,332.50 as trustee of the Special Fund by operation of law under paragraph 4, sec. 583 of the City Charter.

Hepbron, as Police Commissioner and as trustee of the Special Fund, included in his answer a cross-claim for declaratory judgment against Comi, alleging the facts set out above, claiming that the $12,332.50 was abandoned money at the time of the raid, and claiming title to the $12,332.50 now in his possession (a) as the finder and first taker thereof, and (b) by operation of law under paragraph 4, sec. 583 of the City Charter. The cross-claim concludes: "That said $12,332.50 was taken by the officers of the Cross-Claimant from the said premises 137 North Milton Avenue during the period when said premises were allegedly occupied by said Cross-Defendant, Frank F. Comi, and this has caused the District Director of Internal Revenue and others to believe that Cross-Defendant, Frank F. Comi, has an interest in said $12,332.-50 and therefore places a cloud upon the title of the Trustee of the Special Fund and subjects the Cross-Claimant to the risk of subsequent and multitudinous suits."

Comi has answered the cross-claim, alleging that his attorney demanded the money for him on several occasions, but was informed that it could not be turned over to him, first because it was in custodia legis, and later because of the government's lien. Comi denies that Hepbron is entitled to the money, claims that the money is his (Comi's), and alleges that "there was never any question regarding the fact that he is the owner of the fund".

Hepbron contends that he is "entitled to have his claim of ownership tried before a jury". This contention is opposed by Comi and the government.

The union of law and equity under the Federal Rules of Civil Procedure neither enlarged nor restricted the legal and equitable remedies theretofore available to litigants, but made it possible to obtain both types of remedies in the same action. Moore's Federal Practice, 2d Ed., sec. 38.16. The right to a jury trial of legal issues was carefully preserved by Rule 38, Fed.Rules Civ.Proc., 28 U.S.C.A.

This is a proceeding under 26 U.S.C.A. § 7402. Such proceedings are statutory, United States v. Pettyjohn, D.C.W.D. Mo., 84 F.Supp. 423, and may be legal or equitable or mixed, depending upon the nature of the issues and of the relief sought.

The government seeks a money judgment against Comi. Its claim to the money now in Hepbron's hands is in the nature of a garnishment proceeding, in which the government seeks a judgment against Hepbron for the amount of money held by him. United States v. Schuermann, D.C.E.D.Mo., 106 F.Supp. 86. Such garnishment proceedings are legal and not equitable. Poe on Practice, Tiffany ed., sec. 542. See Mercantile Trust Co. v. Hofferbert, D.C.Md., 58 F.Supp. 701, 706.

Some of the relief sought by the government is equitable and Hepbron's cross-claim is in the nature of a bill of quia timet, to avoid a multiplicity of suits, also equitable. Cf. Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 191 F.2d 705, 717–719; Miller's Equity Procedure, secs. 715 and 236. But the basic issue of Hepbron's title is raised by his answer to the complaint, and is a legal defense.

Under these circumstances, there should be a jury trial on the issue of title. It is so ordered.