Phillipos MARKAKIS, Libelant-Appellee,

v.

THE S.S. MPARMPA CHRISTOS, her engines, tackles, furniture, etc.; Seguridad Compania Naviera, S.A.; et al., Respondents,

and

Isaac Salem, Lienor-Appellant.

No. 249, Docket 25288.

United States Court of Appeals
Second Circuit.

Argued April 10, 1959.

Decided June 5, 1959.

Harold D. Safir, New York City (Lebovici & Safir, New York City, on the brief), for appellant.

Lester E. Fetell, New York City (Standard, Weisberg, Harolds & Malament, New York City, on the brief), for appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

Isaac Salem, the appellant here, was the original proctor for the libelant Markakis in a libel brought in the Southern District of New York against the respondents for personal injuries. On June 26, 1956, Markakis discharged Salem and hired one Cassapoglou to prosecute his suit. Cassapoglou and Salem agreed in writing that Salem was "entitled to receive 10% of all monies collected by suits, settlement or otherwise * * *" There was, however, no evidence to show that Markakis assented to that agreement or to warrant a conclusion that he was bound thereby. Thereafter the suit was dismissed without prejudice for lack of jurisdiction and a libel for the same claim was brought in the Eastern District of Virginia, where the Mparmpa Christos was attached. In early 1957, Cassapoglou was discharged by the libelant, and the firm of Standard, Weisberg, Harolds & Malament was substituted. The case was removed by consent to the Southern District of New York, where it was tried, resulting in an award of $25,000 to the libelant. 161 F.Supp. 487. Cassapoglou then moved to have the court fix his legal fees and to be relieved "from all obligations pertaining to this action toward * * * Salem * * * and Morewitz & Morewitz [Virginia counsel]." Salem submitted an affidavit entitled "Affidavit as Special Appearance" wherein he contested the jurisdiction of the court. Judge Herlands held that the court had jurisdiction to charge the attorneys' liens in favor of Salem as well as of Cassapoglou against the fund which comprised the recovery and his order went no further than so to charge the liens the amount of which he fixed on a *quantum meruit* basis. Salem, alone, appealed.

Under New York Judiciary Law, McKinney's Consol.Laws, c. 30, § 475, an attorney is given a charging lien upon the recovery obtained upon his client's cause of action. The lien attaches upon the commencement of the action and covers compensation for services thereafter rendered during the pendency of the action. This state statute creates an equitable right and remedy cognizable in the federal courts. Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49; Nic Projector Corp. v. Movie-Jecktor Co., D.C.S.D.N.Y., 16 F.Supp. 605, and cases there cited. However, the jurisdiction stems from the state-created right and the courts of New York have decided that the lien does not survive a discontinuance of the action. In re Cooper, 291 N.Y. 255, 52 N.E.2d 421; Costagliola v. Prudential S.S. Corp., 9 Misc.2d 616, 168 N.Y.S.2d 480. Nor does federal law, when applicable, give any greater rights of lien. See Great Lakes Transit Corp. v. Marceau, 2 Cir., 154 F.2d 623; United States v Guaranty Trust Co., D.C.S.D.N.Y., 60 F.Supp. 103, modified 2 Cir., 161 F.2d 571, petition for certiorari dismissed 332 U.S. 753, 68 S.Ct. 89, 92 L.Ed. 340, certiorari denied sub nominibus Steingut v. Guaranty Trust Co.; Tillman v. Millard, 332 U.S. 807, 68 S.Ct. 106, 92 L.Ed. 385.

We conclude, therefore, that since the libel brought by Salem had been dismissed without a recovery, his only rights of lien had been extinguished. The court below lacked jurisdiction in the subsequent action now on appeal to fix fees earned, if at all, in the superseded action and to make a charge therefor upon the fund recovered in the subsequent action. What rights, if any, Salem would have had as to the liquidation and enforcement of his compensation if he had taken timely action upon his discharge in the superseded action is a question not before us. Cf. The Flush, 2 Cir., 277 F. 25, certiorari denied sub nom. Bulk Oil Transports v. Thompson, 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421; Doggett v. Deauville Corporation, 5 Cir., 148 F.2d 881, and cases there cited.

928

Reversed and remanded for deletion from the decree below of the paragraph fixing and charging Salem's fees and disbursements.