**UNITED STATES of America,**
**Plaintiff,**

v.

**Bernard DAMSKY, Olga Damsky, a/k/a Ollie Damsky, Henry Birns and Robert W. Franz, Defendants.**

**Civ. No. 60-C-535.**

United States District Court
E. D. New York.

Sept. 30, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for plaintiff, Irving L. Innerfield, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Linker & Linker, Brooklyn, N. Y., for defendants, Julian G. Linker, Brooklyn, N. Y., of counsel.

ZAVATT, District Judge.

The Government moves to strike the defendants' timely demand for a trial by jury. This is an action brought pursuant to section 7403 of the Internal Revenue Code of 1954, 26 U.S.C. § 7403, to foreclose a tax lien and for further and related relief. Section 7402 of the Code, 26 U.S.C. § 7402, vests jurisdiction in this Court. The complaint alleges nonpayment of income taxes for the years 1945–1949 after due assessment and demand, and that the appropriate notices of liens have been filed. There are four defendants: Bernard and Olga Damsky are husband and wife and the delinquent taxpayers; Henry Birns presently holds the title of record to certain real property formerly owned by Olga and as to which the Government asserts its lien; and Robert W. Franz similarly owns another parcel of real property. Bernard's interest in the foreclosure aspect of this suit arises by virtue of the fact that the taxpayers filed a joint return for the years in question.

Neither side has cited a case that has directly decided the question of whether a jury trial is afforded in an action to foreclose a tax lien. The case of United States v. Comi, D.C.D.Md.1958, 23 F.R.D. 113, cited by the defendants, does hold that certain issues raised by the answer of a nontaxpayer defendant in a foreclosure action may be tried by a jury. There, the Government's lien on the property of the delinquent taxpayer was not perfected against third parties until September, 1956. The Baltimore Police Commissioner, a party defendant, asserted his title to the chattel in question as of October, 1955, when the chattel was allegedly abandoned by the taxpayer. The Police Commissioner's demand for a jury trial on the issue of title was honored. The answers in the case before me now raise no such issues. Nor have the defendants cited a case in which a jury trial was in fact had in an action to foreclose. The

closest the defendants have come here is to cite a case in which a jury was had where the Government brought an action pursuant to the predecessor of section 6332(b) of the Code, 26 U.S.C. § 6332 (b), to impose liability on a custodian who had refused to surrender property against which the Government had properly levied. That is the case of United States v. City of New York, D.C.S.D.N.Y. 1935, 12 F.Supp. 169, and obviously, it is not in point. More in point is United States v. Spreckels, D.C.N.D.Cal.1943, 50 F.Supp. 789, cited by the defendants, in which the trial seems to have been to the court without a jury. See also United States v. Royce Shoe Co., D.C.D.N.H. 1956, 137 F.Supp. 786; United States v. Peelle Co., D.C.E.D.N.Y.1955, 131 F. Supp. 341. The negative inference from all this is, of course, that there is no right to trial by jury in the foreclosure of a tax lien.

But negative inferences are not enough and I will therefore consider the defendants' argument which follows this syllogism: The Seventh Amendment to the Constitution guarantees a jury trial at common law.[1] A tax owed is a debt and an action on a debt, whether the debt arises under the common law or statute, is a common law action; therefore, the defendants have a right to trial by jury. The cases of Price v. United States, 1926, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373, and United States v. Jepson, D.C.D.N.J. 1950, 90 F.Supp. 983, are cited for the intermediate propositions that together form the minor premise, and United States v. Comi, supra, is cited for the conclusion.

■ Assuming that the defendants' argument is correct for the case where the Government sues only for a personal judgment against the delinquent taxpayer, and this assumption is a big one,[2] it

does not go far enough where, as here, the Government seeks to foreclose a lien on real property. Historically, such an action was cognizable in equity rather than common law (See 1 Pomeroy, Equity Jurisprudence § 167 (5th ed.1941)), and that fact has generally been decisive in determining, under a merged system of law and equity, the applicability of a jury trial guarantee such as that found in the Seventh Amendment. See 5 Moore, Federal Practice 115 (2d ed.1951). This characterization as an equitable action is not changed because a personal judgment for the deficiency is sought in addition. See 5 Moore, op. cit. supra, 306; Note, The Right to Jury Trial Under Merged Procedures, 65 Harv.L.Rev. 453, 462–63 (1952); cf. Pease v. Rathbun-Jones Eng'r Co., 1917, 243 U.S. 273, 279, 37 S.Ct. 283, 61 L.Ed. 715.

It is objected that this particular lien is of statutory origin and not one of the historic equitable liens. This is true enough and there may be instances where a statutory lien is enforced at law because the legislature creating the lien has so indicated. See 4 Pomeroy, op. cit. supra, § 1269. But it is clear that before the merger of law and equity in 1938 by the Federal Rules the statutory tax lien sought to be foreclosed today was enforced by a bill in chancery. See 49 Stat. 1743 (1936).

■ This brings us to the question of whether the Internal Revenue Code of 1954 or the Judiciary Code, Title 8 United States Code, requires a trial by jury in this instance, because in addition to the constitutional right to jury trial, there is such a right whenever "given by a statute of the United States." Fed.R. Civ.P. 38(a). There is no statute that in so many words directs a trial by jury in such a case as this. On the other hand, a recent amendment specifically allows a

1. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *." See also Fed. R.Civ.P. 38(a), 28 U.S.C.

2. See Wickwire v. Reinecke, 1927, 275 U.S. 101, 105–106, 48 S.Ct. 43, 45, 72 L.Ed.

184 (no right under the Seventh Amendment to jury trial in tax cases); Phillips v. Commissioner, 1931, 283 U.S. 589, 599 note 9, 51 S.Ct. 608, 612, 75 L.Ed. 1289 (same, citing Wickwire). The Wickwire case is cited with approval in 1 Davis, Administrative Law 594 & n. 3 (1958).

jury trial in all suits for a tax refund. 28 U.S.C. § 2402. In such a suit the assessment itself may be questioned but the merits of the underlying tax assessment may not be litigated in a foreclosure action. See Pipola v. Chicco, 2 Cir., 1960, 274 F.2d 909, 913. And section 7403 itself speaks of a "decree", the traditional word for a mandate of a court of equity. Thus, the available evidence seems to indicate that Congress has not seen fit to provide a jury trial in an action to foreclose a tax lien. In fact, the scheme of the Internal Revenue Code seems to be that if a taxpayer wants a trial by jury he must first pay the tax and then, in a suit to recover the same, may have a trial by jury.

The plaintiff's motion to strike the defendants' demand for a trial by jury is granted.

Settle an order, consistent with this opinion, on or before October 14, 1960.