**UNITED STATES of America,**
**Plaintiff,**

v.

**Evelyn Fish MALAKIE, John R. Malakie,**
**Bay Shore Federal Savings and Loan**
**Association, Defendants.**

**No. 60-C-423.**

United States District Court
E. D. New York.
Nov. 15, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for plaintiff. Jon H. Hammer, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Harry A. Kornfeld, Brooklyn, N. Y., for defendant John R. Malakie.

BARTELS, District Judge.

Motion by plaintiff to strike the demand for jury trial made by defendant John R. Malakie. This is an action, pursuant to 26 U.S.C.A. § 7403, to foreclose certain tax liens filed against the property of defendant Evelyn Fish Malakie arising out of income tax, fraud penalties and interest in the amount of $10,-783.35, and to obtain a deficiency judgment for any tax liability remaining unpaid. The two other defendants were named parties to the action because they claim an interest in the property subject to the liens. Defendant Evelyn Malakie defaulted in her answer but the other two defendants filed an answer denying the allegations of the complaint, each setting up a separate and affirmative defense.

Historically, a trial by jury in an equity case is not within the purview of the constitutional guaranties. Luria v. United States, 1913, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101. Rules 38 and 39 of the Federal Rules of Civil Procedure, 28 U.S. C.A. are not inconsistent with this conclusion since, after the promulgation of the Rules in 1938, the distinction between actions at law and suits in equity still survived for the purpose of determining the right to a jury trial. Williams v. Collier, D.C.Pa.1940, 32 F.Supp. 321; Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 1943, 137 F.2d 62, certiorari denied 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467; City of Morgantown, W. Va., v. Royal Ins. Co., 4 Cir., 1948, 169 F.2d 713, 714, affirmed 1949, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347.

An action to foreclose a mortgage has always been recognized as an equity action in which the court may award a judgment for deficiency after sale as an incident to the main relief sought. There is no right to a trial by jury in such a foreclosure proceeding in spite of the fact that money damages are asked as incidental relief. Jamaica Savings Bank v. M. S. Investing Co., Inc., 1937, 274 N.Y. 215, 8 N.E.2d 493, 112 A.L.R. 1485. The foreclosure of a tax lien is in the same category as the foreclosure of a mortgage, absent language in the statute indicating to the contrary. There is no statement or suggestion in Section 7403 of the Internal Revenue Code of 1954 that this proceeding is to be treated any differently than an ordinary foreclosure proceeding or that a trial by jury is required for that purpose.

It would follow that the taxpayer herself would not be entitled to a jury trial on the issue of tax liability in this proceeding and this Court has recently so held. United States v. Damsky, D.C. N.Y.1960, 187 F.Supp. 404. The demand here however is not made by the taxpayer but by one of the other defendants who

594

is in a much weaker position. In fact, it may be seriously questioned whether this defendant may in this proceeding inquire under any circumstances into the merits of the assessment underlying the tax lien against the taxpayer. Pipola v. Chicco, 2 Cir., 1960, 274 F.2d 909.

Motion to strike demand for jury trial granted. Settle order within ten days on two days' notice.