**UNITED STATES of America,**
**Plaintiff,**

v.

**Raymond J. RENTZ, Marilyn Casey**
**Rentz, and M.C.S. Corporation, an**
**Iowa corporation, Defendants.**

**Civ. No. 872.**

United States District Court
N. D. Iowa,
Central Division.

Dec. 3, 1962.

522

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for plaintiff.

Hughes J. Bryant, Mason City, Iowa, for defendants.

HANSON, District Judge.

The United States Government pursuant to Sections 7401 and 7403 of the 1954 Internal Revenue Code sued to foreclose Federal tax liens on a debt alleged to be owed to the M.C.S. Corporation by Raymond J. and Marilyn C. Rentz. The debt is allegedly a contract debt arising out of an agreement between M.C.S. Corporation and Raymond and Marilyn Rentz. Raymond and Marilyn Rentz defend in the foreclosure action by alleging that they owe nothing to M.C.S. Corporation, because of fraud on the part of M.C.S. Corporation in relation to the contract between Rentz and M.C.S. Corporation; by alleging that certain debts are owed by M.C.S. Corporation to Rentz; by alleging failure of consideration in the contract. Raymond J. and Marilyn Rentz have crossclaimed against M.C.S. Corporation. The crossclaim asks for money damages and recision.

Raymond J. and Marilyn Rentz made a timely demand for a jury trial. The Government has moved to strike the jury demand.

If the action was solely between Rentz and M.C.S. Corporation on the contract, recision or cancellation of the contract would be in equity and the recovery of money damages derived from the common law action of case would be at law. 5 Moore 2d Ed. pp. 176 and 307.

This action, however, in as much as it concerns the Government is one to foreclose a tax lien in accordance with Section 7403 I.R.C.1954. This statute contains no provision as to a jury one way or the other. The courts have held that it was derived from the equity action to foreclose a mortgage and is in equity. Damsky v. Zavatt, 289 F.2d 46 (2d Cir., 1961); United States v. Malakie, 188 F.Supp. 592 (E.D.N.Y.1960).

Section 7403(c) states, "The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property."

The object of the foreclosure in equity was to fix and declare the legal rights of the mortgagee in and to the mortgaged premises. Young v. Vail, 29 N.M. 324, 22 P. 912, 34 A.L.R. 980 (1924); 112 A.L.R. 1492. This appears also to be the design of Section 7403 and should end the question of a jury to do this.

■ However, if this does not satisfy it is to be noted that many states allow parties liable on the mortgage to be joined with the mortgagor and sued in equity. The citations of the courts allowing this are listed 289 F.2d on page 56 of Damsky v. Zavatt, supra. Iowa is one of these states allowing this. However, this is a question to be decided by Federal law because of the Federal statute pursuant to Rule 64 of the Federal Rules of Civil Procedure. Curry v. Pyramid Life Insurance Co., 271 F.2d 1, C.A. 8th, 1959. The Court in Damsky v. Zavatt, supra, said, " * * * We have held * * * that I.R.C. § 7403 validly directed that such issues be tried to the court in an action to enforce the lien of a tax assessment, whether the action was against the taxpayer or any other persons 'claiming an interest in the property involved' ".

The proceeding under I.R.C. § 7403 when used to enforce the lien in cases whether other parties are claiming an interest is similar to the action of gar-

nishment. A number of courts have held garnishment to be an action in equity. United States v. Eiland, 223 F.2d 118, 4 Cir.; Bassi v. Bassi, 165 Minn. 100, 205 N.W. 947; New Mexico National Bank v. Brooks, 9 N.M. 113, 49 P. 947; La Crosse National Bank v. Wilson, 74 Wis. 391, 43 N.W. 153; Huntington v. Bishop, 5 Vt. 186. The above cases are cited for this proposition in 5 Moore's Federal Practice 2d Ed., page 310.

The court in Damsky v. Zavatt, supra, was aware of the change in the law recently made by the Supreme Court in Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Nonetheless the court held that an action under I.R.C. § 7403 was in equity because it was derived from similar common law procedure which was always in equity.

The crossclaim in this case presents an issue for the jury as it is one for money damages. However, the crossclaim has gone to default. The default judgment will not have to be set aside. It is not necessary now to decide if it binds the Government. Cases cited infra strongly indicate it does not bind the Government, but does bind the taxpayer. If the crossclaim was still part of the case under the authority of Beacon Theatres, Inc., supra, it might have to be tried to a jury before the parties' rights were tried in equity under I.R.C. § 7403. The default has made this unnecessary and Damsky v. Zavatt, supra, controls.

In Bensinger v. Davidson, D.C., 147 F.Supp 240 (244), the taxpayer had purchased property from Bensinger on conditional sale. The Government to satisfy a tax lien sought to reach the equity in the property belonging to the taxpayer. The lien arose June 18, 1951. On January 29, 1953, the taxpayer surrendered the property to Bensinger, acknowledged default, and released Bensinger from any obligation. This was done for a consideration far less than the actual value of the taxpayer's equity. The taxpayer then gave a quit-claim deed to Bensinger. As between Bensinger and the taxpayer the court held Bensinger could eliminate the taxpayer's interest. The court held Bensinger could not in such manner cut off or eliminate the Government's lien.

In Metropolitan Life v. United States, 107 F.2d 311, 6 Cir., the insurance company purchased three mortgages on the property of the taxpayer. Later, the Government got a tax lien against the taxpayer. After the lien attached, the insurance company foreclosed the mortgages. The proceeds were insufficient to pay the debts secured by the mortgages and the mortgages were superior to the tax liens. The question is whether the foreclosure extinguished the tax liens. The Government was not a party to the foreclosure and the court held the lien was not extinguished. The court held the property must be sold even though the mortgagee had priority over the tax lien. This is the only way the tax lien can be extinguished.

■ At the first foreclosure, the insurance company itself purchased the property and undoubtedly would purchase it again at the sale ordered by the court. The reason for this decision, as that court gives it, is that Federal Statutes create tax liens and as a corollary give a remedy for their removal. This case governs the present case. Once the lien attached to the alleged contract proceeds the only way to remove it is under I.R.C. § 7403.

Metropolitan Life, supra, is a case involving realty. Bensinger v. Davidson, supra, shows that the same result is reached in a case involving proceeds due a vendee under a defaulted conditional sales contract.

It is only important that when the lien attached there were proceeds under the contract which the taxpayer could have sued for. See Community School District, etc. v. Employers Mutual Casualty Co., D.C., 194 F.Supp. 733. The lien continues until extinguished according to I.R.C. § 7403. The Metropolitan Life case shows it is not determinative that at the present there may be claims to the proceeds superior to the Government.

■ The default judgment need not be set aside as it is binding on the tax-

payer in the same way as the release and deed in Bensinger and the foreclosure in Metropolitan Life are binding on the taxpayer. However, in those cases they were not binding on the Government.

The Government is from the time of the lien a co-owner of the proceeds. Welsh v. United States, 220 F.2d 200; Simpson v. Thomas, 4 Cir., 271 F.2d 450; and entitled to litigate its rights in the property. The lien will then be extinguished one way or the other.

It is, therefore, hereby ordered that the motion to dismiss is overruled on the grounds that an action under I.R.C. is necessary to decide the validity of the lien.

It is further hereby ordered that by reason of the conclusions herein made the motion to strike the demand for jury is sustained.