**UNITED STATES of America, Plaintiff,**

v.

**S. P. WARREN, Gwendolyn K. Warren, Merchants & Farmers Bank of Statesville, Inc., a corporation, A. B. Raymer, Trustee, State of North Carolina, Iredell County, City of Statesville, Defendants.**

Civ. No. 482.

United States District Court
W. D. North Carolina,
Statesville Division.

Heard Sept. 28, 1964.

Decided Nov. 17, 1964.

William Medford, U. S. Atty., Asheville, N. C., and Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., for plaintiff.

C. B. Winberry, Statesville, N. C., for defendants S. P. and Gwendolyn K. Warren.

Raymer, Raymer & Lewis, Statesville, N. C., for North Carolina Nat. Bank, successor to defendant Merchants & Farmers Bank of Statesville, Inc.

Wade Bruton, Atty. Gen., of North Carolina, and Peyton B. Abbott, Deputy Atty. Gen., of North Carolina, Raleigh, N. C., for defendant State of North Carolina.

Isaac T. Avery, Jr., Statesville, N. C., for defendant Iredell County.

Collier, Harris & Collier, Statesville, N. C., for defendant City of Statesville.

647

CRAVEN, Chief Judge.

This civil action is brought by the United States to enforce federal tax liens by foreclosure of such liens on property owned by the defendants S. P. and Gwendolyn K. Warren. The Warrens have moved for a jury trial on all issues of fact arising on the pleadings. This motion is resisted by the United States.

According to the pleadings, a deficiency income tax liability was assessed against S. P. and Gwendolyn Warren for the year 1958 in the amount of $2,837.34. In addition, a deficiency was assessed against S. P. Warren for 1959 in the amount of $2,181.95. It is alleged that neither of these assessments has been paid. By virtue of 26 U.S.C.A. § 6321, such tax liabilities constitute liens on all property of the taxpayers. Title 26 U.S.C.A. § 7403 authorizes a civil action in the United States District Court to enforce the liens upon all property and rights to property of the taxpayers.[1] Section 7403(c) provides:

> "The *court* shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property * * *."

There is no language in Section 7403 to indicate that a taxpayer is entitled to a jury trial in *any* civil tax matter. Alternatively, it is clear that under no circumstances is a taxpayer entitled to a jury trial, either on constitutional or statutory grounds, when the claim asserted is in the form of a lien against his property. Damsky v.

Zavatt, 289 F.2d 46 (2d Cir. 1961); United States v. Malakie, 188 F.Supp. 592 (E.D.N.Y.1960); United States v. Rentz, 213 F.Supp. 521 (N.D.Iowa 1962). Damsky v. Zavatt is significant because of its factual similarity to the case before this court. Especially notable is the persuasive opinion of Judge Clark dissenting in part from so much of the majority opinion as grants a jury trial where tax claims are asserted solely against the taxpayer and not as a lien against his property. He views the question of jury trial correctly as one of statutory intent, not of constitutional right. He says: "Congress—which has shown an ability to speak clearly on the issue when it so chooses [2]—has conspicuously refrained from stating a requirement of trial by jury in this area of tax collection * * *."

The Supreme Court of the United States has explicitly stated that "(i)t is within the undoubted power of Congress to provide any reasonable system for the collection of taxes and the recovery of them when illegal, without a jury trial—if only the injunction against the taking of property without due process of law in the method of collection and protection of the taxpayer is satisfied." Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184 (1927).

This is a civil action *"by the sovereign to collect its taxes* where the claim that a jury trial is constitutionally required has been authoritatively held 'unfounded.'" Damsky v. Zavatt, supra (Clark, J., dissenting in part).

Neither taxpayer is entitled to a jury trial in this case.

An appropriate order will be entered.

1. Query whether the government can satisfy a judgment against S. P. Warren individually by enforcing its tax lien against realty owned by S. P. and Gwendolyn Warren as husband and wife.

2. Title 28 U.S.C.A. § 2402 was amended in 1954 to provide for a jury trial, if requested by either party, in actions under 28 U.S.C.A. § 1346(a) (1)—actions against the United States for the recovery of any internal revenue tax. Thus, a taxpayer, by paying the assessment and suing for a refund, may have his jury trial.