The **UNITED STATES** of America

v.

**L. D. T. CORPORATION, Elaine C. Leibowitz, Executrix of the Estate of Martin G. Stein, William C. Stein, Alco Auto Parts, Inc., and the First Pennsylvania Banking and Trust Company.**

**Civ. A. No. 33285.**

United States District Court
E. D. Pennsylvania.

May 19, 1969.

---

U. S. Atty. Drew J. T. O'Keefe, Philadelphia, Pa., for plaintiff.

Jerome M. Dubyn, Stradley, Ronon, Stevens & Young, and Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action by the United States Government to foreclose Federal tax liens in accordance with I.R.C. § 7403 on funds in a bank account belonging to the defendant-taxpayer, L.D.T. Corporation. The defendants, William C. Stein and Elaine Leibowitz, executrix of the Estate of Martin C. Stein, claim they have priority to those funds. The defendant The First Pennsylvania Banking and Trust Company is merely the stakeholder and does not assert any independent claim to the funds in its possession.

This case is presently on the civil jury list because of a demand for a jury trial made by the defendants L.D.T. Corporation, Stein and Leibowitz. Presently before the Court is the Government's motion to strike the jury demand pursuant to F.R.Civ.P. 39(a) (2) and to have the case placed on the civil nonjury calendar.

■ As between the Government and the defendant-taxpayer it is conceded that there is ordinarily no right to a jury trial. However, it is contended that since the Government waited approximately five years to move to strike the demand for a jury trial it is guilty of laches and, therefore, the motion should be denied. Before the equitable doctrine of laches may be invoked prejudice resulting to the defendant from the delay must be affirmatively shown. Neither in his brief nor on oral argument has counsel been able to demonstrate anything other than mere lapse of time. We will, therefore, grant the Government's motion as to the defendant-taxpayer.

As between the Government and the defendants Stein and Leibowitz, the defendants contend that they have a right to a jury trial under the Seventh Amendment to the Constitution and under F.R. Civ.P. 38. The Seventh Amendment directs that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *". The Government contends that this is an equitable action seeking to enforce a Federal tax lien and not a suit cognizable at common law within the meaning of the Seventh Amendment and, therefore, there is no right to a jury trial.

■ In perhaps the leading case on this subject, Damsky v. Zavatt, 289 F.2d 46 (2nd Cir. 1961),[1] it was held, at page 53, that:

"* * * [t]he more modern method of foreclosure through decree of sale, provided for United States tax liens by I.R.C. § 7403, is sufficiently akin to the historic equity practice to preclude successful contention for a right to jury trial with respect to the ascertainment of the amount of the tax lien as against taxpayer's property and enforcement of the lien by sale. * * *"

But, the defendants contend, although there may be no right to a jury trial as between the Government and the taxpayer, there is a right to a jury trial on the priority issue raised by their adverse claims. However, in an analogous

1. See also Gefen v. United States, 400 F.2d 476 (5th Cir. 1968); United States v. Warren, 235 F.Supp. 638 (W.D.N.C. 1964); United States v. Rentz, 213 F. Supp. 521 (N.D.Iowa 1962); United States v. Malakie, 188 F.Supp. 592 (E.D. N.Y.1960).

factual situation and in response to the same contention, the Court in *Damsky, supra,* at page 56, stated:

" * * * we have held, * * * that I.R.C. § 7403 validly directed that such issues be tried to the court in an action to enforce the lien of a tax assessment, *whether the action was against the taxpayer or any other persons 'claiming an interest in the property involved.'* * * * " (Emphasis supplied)

We will, therefore, grant the Government's motion to strike the jury demand.

It has been brought to our attention that this case has just recently been placed in the jury ready pool. We will, therefore, enter an order directing the Clerk of this Court to remove it and place it on the non-jury calendar.