Petition of ROSENMAN COLIN FREUND LEWIS & COHEN for an Adjudication of its Rights in the Matter of Julian Sherrier, Plaintiff,

v.

Bernice RICHARD, Defendant.

No. 82 Civ. 3723 (RWS).

United States District Court, S.D. New York.

Jan. 12, 1987.

See also, 805 F.2d 391.

Rosenman Colin Freund Lewis & Cohen, New York City, pro se; J. Kelley Nevling, Jr., Steven M. Dixon, Audry Weintrob, of counsel.

Brown & Seymour, New York City, for defendant; Whitney North Seymour, Jr., Craig A. Landy, of counsel.

SWEET, District Judge.

In this action to enforce an attorney's lien, petitioner Rosenman Colin Freund Lewis & Cohen ("Rosenman Colin") has moved for an order striking respondent Bernice Richard's ("Richard") demand for a jury trial on the grounds that the instant petition is equitable in nature and therefore must be tried to the court. The motion is hereby granted.

This proceeding was brought by Rosenman Colin to determine the amount of, and to enforce, its attorney's charging lien on the judgment awarded to Richard in the *Sherrier v. Richard* litigation tried before this court. The petition asks in general terms that the court fix and determine the amount of the fees and disbursements to be paid by Richard to Rosenman Colin. Richard argues that Rosenman Colin has throughout this proceeding based its claim on a breach of contract theory, which, as a legal claim rather than an equitable claim, must be tried by a jury.

In federal civil suits the right to a jury trial is governed by the Seventh Amendment to the Constitution, which pro-

vides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." It is well-established that the Seventh Amendment does not create any right to a jury in actions which are equitable in nature. Indeed, it is a "fundamental principle that the right of trial by jury ... does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity." *Katchen v. Landy,* 382 U.S. 323, 337, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966). *Accord, e.g., In re Gartenberg,* 636 F.2d 16, 18 (2d Cir.1980), *cert. denied,* 451 U.S. 910, 101 S.Ct. 1979, 68 L.Ed.2d 298 (1981); *Shore v. Parklane Hosiery Co.,* 565 F.2d 815, 819 (2d Cir. 1977), *aff'd,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

■ Actions to enforce or foreclose on a lien have always been recognized to be equitable in nature, and the courts have uniformly held that the right to a jury trial does not exist in such actions. *Walter E. Heller & Co. v. O/S Sonny V,* 595 F.2d 968, 976 n. 7 (5th Cir.1979) ("Foreclosure actions ... have always been deemed equitable in nature and may therefore be tried without a jury"); *Rozelle v. Connecticut General Life Insurance Co.,* 471 F.2d 29, 31 (10th Cir.1972), *cert. denied,* 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314 (1973) ("The foreclosure of ... liens is equitable in nature and such actions may be tried in the federal courts without the intervention of a jury"); *Damsky v. Zavatt,* 289 F.2d 46, 53 (2d Cir.1961) (Friendly, J.) (A statutory action for enforcement of federal tax liens "is sufficiently akin to the historic equity practice [for lien enforcement] to preclude successful contention for a right to jury trial with respect to the ascertainment of the amount of the tax lien as against taxpayer's property and enforcement of the lien...."); *United States v. L.D.T. Corp.,* 302 F.Supp. 990, 991 (E.D.Pa. 1969) (same); *cf. FDIC v. New London Enterprises, Ltd.,* 619 F.2d 1099, 1102–03 (5th Cir.1980) (A statutory proceeding to enforce a non-judicial sale of property sub-

ject to a mortgage does not entail a right to trial by jury, because it is most nearly analogous to "a proceeding to foreclose a mortgage or a lien").

The instant proceeding is one to ascertain the amount of, and to enforce, Rosenman Colin's charging lien against the judgment obtained by Richard in the *Sherrier v. Richard* action. Such proceedings are expressly authorized by New York Judiciary Law § 475, which provides in relevant part as follows:

> From the commencement of an action ... the attorney who appears for a party has a lien upon his client's cause of action ... which attached to a ... judgment ... in his client's favor, and the proceeds thereof in whatever hands they may come.... The court upon petition of the client or attorney may determine and enforce the lien.

The procedure established by this statute for the enforcement of attorneys' charging liens is directly comparable to the lien enforcement procedures involved in the cases cited above. Accordingly, the cause of action to enforce an attorneys' lien is equitable in nature, and the courts, both federal and state, have uniformly held this to be so. *See e.g., Markakis v. The S.S. Mparmpa Christos,* 267 F.2d 926, 927 (2d Cir.1959) ("This state statute [Section 475] creates an equitable right and remedy cognizable in the federal courts"); *Machcinski v. Lehigh Valley R. Co.,* 272 F. 920, 922 (2d Cir.1921) ("[Section 475] creates an equitable right and remedy, which is to be enforced on the chancery side of the federal courts"); *In re King,* 168 N.Y. 53, 59, 60 N.E. 1054, 1056 (1901) ("The remedy given is equitable in character, and we think the equity side of the court has jurisdiction. It is in some respects analogous to the foreclosure of mechanics' liens, ... which ... has been held to be an action in equity, triable by the court without a jury"); *In re Britton's Will,* 187 Misc. 70, 60 N.Y.S.2d 466, 474 (Monroe County Surr. Ct. 1946) ("As shown by the above cited cases, all proceedings under this section [475] have been held equitable in nature, and no right to jury trial exists in respect thereto").

Although the federal courts have not explicitly addressed the right to a jury trial in a proceeding to enforce an attorney's lien, the courts of New York State, interpreting a constitutional provision substantially similar in intent to the Seventh Amendment,[1] have uniformly held that a party to such a proceeding does not have a right to a jury trial. *In re King, supra,* 168 N.Y. at 58, 60 N.E. at 1056 ("We do not understand [the predecessor statute to 475] to be violative of the provisions of the Constitution, or that the parties [in a proceeding to enforce a charging lien] were entitled to a jury trial. In this case the petitioners had a lien created by a statute. The proceedings provided for by the code are instituted by a petition and are in the nature of the foreclosure of a lien"); *Flores v. Barricella,* 123 A.D.2d 600, 506 N.Y.S.2d 885, 886 (2d Dep't 1986) (In a special proceeding pursuant to Judiciary Law § 475, a jury demand was properly stricken by the lower court); *In re Britton's Will, supra,* 60 N.Y.S.2d at 474.

The question at issue here is whether this court should treat this petition as an action at law due to Rosenman Colin's reliance on the underlying retainer agreement between it and Richard. "[A] suit to determine and adjudicate the amount of fees owing to a lawyer by a client under a contingent fee retainer contract," without more, is a traditional action at law for damages. *Simler v. Conner,* 372 U.S. 221, 223, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963). Nevertheless, the fact that this action was brought to enforce an attorney's lien makes this a different case, despite the underlying contract. Therefore, *Simler v. Conner,* which did not concern an attorney's lien, is not controlling. *Cf. In re Britton's Will,* 60 N.Y.S.2d at 474 ("An action by an attorney against his client on ... an agreement or contract not connected with an application to fix and enforce a lien upon a fund within the court's jurisdiction, would be a simple action at law, triable by a jury.... But Section 475 of the Judiciary Law provides for an attorney's lien and the manner of determining and enforcing the same ... and no right to jury trial exist in respect thereto").

The fact that the right to an attorney's lien is premised on a retainer agreement between the parties, rather than on a claim in *quantum meruit,* does not call for a jury trial in this case. In virtually every action to foreclose a lien or mortgage, there is an underlying contract which is secured by the lien or mortgage in question: mortgages are normally given to secure a promissory note or other contract calling for periodic payments, mechanic's liens generally arise out of a contract to perform services on a building or automobile, and so forth. The adjudication of the underlying contractual rights of the parties has nevertheless been uniformly recognized to be a matter that a court of equity may and should determine without a jury in the course of an equitable proceeding to enforce a lien.

For example, in *Rozelle v. Connecticut General Life Insurance Co.,* 471 F.2d 29, 31 (10th Cir.1972), *cert. denied,* 411 U.S. 921, 93 S.Ct. 1549, 36 L.Ed.2d 314 (1973), which was an action to enforce certain mortgage liens, the court rejected defendant's argument that *"because the note [underlying those liens] is a contract and ... [the] law provides for jury trials in contract cases,* it was error to deny him the right to a jury trial" (emphasis added). The court reasoned that "[t]he foreclosure of mortgage liens is equitable in nature and such actions may be tried in federal courts without intervention of a jury," even though the determination of the lien claim would involve contractual questions. In fact, the court found that there was no right to a jury trial even as to "[t]he entry of a money decree on behalf of a junior lien holder," because that was "an incident to the principal action ... [for] foreclosure of ... [a] lien." *Id.*

A similar result was reached in *Walter E. Heller & Co. v. O/S Sonny V,* 595 F.2d 968, 976 n. 7 (5th Cir.1979). That case held that in a proceeding to enforce a ship's mortgage, the amount of defendant's liability in contract on a note, and even the right to a deficiency judgment for any liability in excess of the ship's value, could be deter-

---

**1.** Article 1, section 2 of the New York State     Constitution.

mined without a jury, because "[f]oreclosure actions ... have always been deemed equitable in nature and may therefore be tried without a jury. The deficiency determination *is an inseparable incident to the foreclosure action* and is therefore left to the court, and not to a jury." *Id.* (emphasis added).

The same principle was stated more broadly by the Second Circuit in *Damsky v. Zavatt,* 289 F.2d 46, 53 (2d Cir.1961). Judge Friendly's opinion for the court held that there was no right to trial by jury of any issue presented by a tax lien enforcement case, on the following reasoning:

> Foreclosure of the mortgagor's equity of redemption was an established head of equity jurisdiction well before 1791, [citations omitted], *and this necessarily embraced the determination of the amount and validity of the mortgage debt.* [Citation omitted]. The more modern method of foreclosure through decree of sale, provided for United States tax liens by IRC § 7403, is sufficiently akin to the historic equity practice to preclude successful contention for a right to jury trial *with respect to the ascertainment of the amount of the tax lien* as against taxpayer's property and enforcement of the lien by sale. (emphasis added).

The result reached in these cases follows from the well-established rule that when a proceeding is equitable in nature or seeks only equitable relief, a jury trial is not required even though the proceeding is based on a contract or involves contract rights. Thus actions seeking specific performance of a contract, or seeking to enforce a contract by injunctive relief, being equitable, do not give rise to a right of jury trial even though issues as to the existence, validity and/or breach of a contract necessarily arise in such cases. *See, e.g., Oasis Oil & Refining Corp. v. Armada Transport & Refining Co.,* 719 F.2d 124, 125–126 (5th Cir.1983) (In an action for specific performance of a contract, the claim that the court "deprived [defendant] of a jury trial on the question of whether a contract existed" was rejected; defendant "had no right to a jury trial, the action being solely equitable"); *Klein v. Shell Oil Co.,* 386 F.2d 659 (8th Cir.1967) (No right of jury trial existed in an action for specific performance of a contractual obligation to pay the balance due on the purchase price of certain property). By the same rationale, an action to enforce an attorney's lien, being equitable in nature, does not have to be tried to a jury even if contractual issues are involved.

Under the foregoing cases Richard's opposition to the motion is unavailing. There is no reported case that requires this court in a proceeding to enforce an attorney's lien to isolate the contract issues and refer them to a jury.

■ Richard also argues that the only issues presently involved in this case are the contractual issues because "[t]he court has already decided all issues of the validity and existence of a lien in petitioner's favor." Although the decision of December 21, 1984, 600 F.Supp. 527, did strike certain of Richard's affirmative defenses, including those which related to the availability of a lien in this case, it did not find that Rosenman Colin in fact had a charging lien on the judgment. That determination cannot be made until this court decides whether Rosenman Colin is owed any fees over and above those already paid by Richard—an issue which the court declined to reach in its December 21, 1984 decision. Since that issue remains open, so does the question of whether Rosenman has a charging lien on the judgment.

■ Furthermore, other equitable claims remain in this case, despite Richard's claims to the contrary. Rosenman Colin has not waived its right to any recovery in *quantum meruit* by seeking summary judgment based exclusively on a contract.

Because the legal issue of breach of contract is incidental to the equitable remedy of enforcement of an attorney's lien, Richard has no right to a jury trial. Therefore, the motion to strike Richard's demand for a jury trial is granted.

IT IS SO ORDERED.