HAYT, HAYT & LANDAU, as Assignee of EDWARD E. HONIG, Plaintiff, v SUZANNE HALL et al., Defendants.

Civil Court of the City of New York, New York County, February 21, 1989

### APPEARANCES OF COUNSEL

*Colton, Hartnick, Yamin & Sheresky,* defendant *pro se* and for Lisa E. Roday, defendant. *Hayt, Hayt & Landau* plaintiff *pro se. James T. Prendergast* for Suzanne Hall, defendant.

### OPINION OF THE COURT

RICHARD S. LANE, J.

Plaintiff is assignee of defendant Hall's original attorney in her matrimonial action, and is suing herein for counsel fees fixed in amount of $9,250 at the time defendants Colton, Hartnick, Yamin & Sheresky were substituted as defendant Hall's attorneys. Defendant Roday is an associate with Colton, Hartnick, Yamin & Sheresky who worked on the case.

The matrimonial action was settled without notice to plaintiff's assignor upon terms and conditions not completely revealed in the papers except to the extent that defendant Hall was allowed to refinance the marital apartment to obtain funds to pay her obligations.

Defendants Colton, Hartnick, Yamin & Sheresky and defendant Roday now move for summary judgment on the ground that successor counsel are not liable in contract or quasi contract for fees allegedly due to prior counsel, and defendant Roday asserts the additional ground that she was an employee acting within the scope of her duties for a disclosed principal. Plaintiff cross-moves for summary judgment against all defendants.

Plaintiff is certainly entitled to summary judgment against its assignor's former client, defendant Hall, for agreed-upon counsel fees. She is critical of the quantity and quality of his services, but does not deny the agreement. She opposes primarily on his failure to execute and return her letter purporting to be a confirmation of their agreement. The trouble with that position is that this is not an agreement subject to any Statute of Frauds. She also opposes on the basis that plaintiff's assignor failed to look first to her former husband for recovery. To the extent that this provision may have been first imposed by the unexecuted letter of confirmation, it has no force or effect. To the extent that it may have been part of the oral agreement, she effectively rendered impossible compliance. The obvious vehicle for compliance would have been an application in the matrimonial action as permitted by section 237 of the Domestic Relations Law which was prevented by settlement without notice.

Under the circumstances, it would be inappropriate to read the provision to include an action for necessaries, assuming that such an action has survived into the current gender-neutral world.

Plaintiff is just as certainly not entitled to summary judgment in contract against the other defendants. There simply was no contract with them. Plaintiff's assignor did, however, have a charging lien against the proceeds of the settlement pursuant to section 475 of the Judiciary Law. To the extent that in that settlement successor counsel achieved an award of fees from defendant Hall's former husband, an action to enforce plaintiff's assignor's charging lien might lie against them. That, however, would be an equitable cause of action

beyond the subject matter jurisdiction of this court *(see, Beecher v Vogt Mfg. Co.,* 227 NY 468, 471-472; *see, Rosenman Colin Freud Lewis & Cohen v Richard,* 656 F Supp 196 [SD NY 1987]; *see, Marsano v State Bank,* 27 AD2d 411, 413; 7 NY Jur 2d, Attorneys at Law, § 194). To the extent that with notice of the charging lien, successor counsel intentionally or carelessly took steps which destroyed or seriously jeopardized that lien, an action for tortious injury to property might be had against them. Defendant Roday would not be immune to such an action even though acting as an agent for a disclosed principal.

The papers now before the court are just not adequate factually to determine if any such additional causes of action are viable.

Accordingly plaintiff's motion for summary judgment against defendants other than defendant Hall is denied, and said defendants' motion for summary judgment dismissing plaintiff's complaint against them is denied without prejudice to renewal if plaintiff fails to serve an amended pleading against them within the jurisdiction of this court within 45 days from service of a copy of the order to be entered herein.