**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Citytrust, Plaintiff,**

v.

**SEXTANT DEVELOPMENT CORPORATION, et al., Defendants.**

**Civ. A. No. 5:91–CV–00567 (EBB).**

United States District Court, D. Connecticut.

May 6, 1992.

Richard J. Buturla, David Weber, Berchem, Moses and Devlin P.C., Milford, for plaintiff.

Catherine P. Whelan, Tierney and Whelan, Greenwich, for third-party defendant.

Mark Stern, Stern and Miller, Westport, for defendant and third-party plaintiff.

## RECOMMENDED RULING ON PLAINTIFF'S MOTION TO STRIKE JURY DEMAND

EAGAN, United States Magistrate Judge.

In this action, the Federal Deposit Insurance Corporation ("FDIC") seeks foreclosure of a $4,500,000.00 mortgage which allegedly secures a note between defendant Sextant Development Corporation ("Sextant") and Citytrust. The motion presently before this court is the plaintiff's motion to strike the defendant's jury demand dated October 21, 1991.

### I. Factual Background

Citytrust originally initiated this foreclosure action against Sextant and Stuart Longman in the Connecticut Superior Court. Longman was named as a defendant in this action based upon his alleged status as a guarantor of the debt which secures the mortgage being foreclosed.

On August 9, 1991 the Commissioner of Banking of the State of Connecticut determined that Citytrust was insolvent. The FDIC was appointed as receiver of Citytrust, and thereby took possession of its assets and liabilities, including the assets and liabilities which are the subject of this civil action. As the receiver of Citytrust, the FDIC removed this action to this court on September 9, 1991, and the FDIC has been substituted for Citytrust as the plaintiff.

On October 21, 1991, Stuart Longman filed a third-party complaint against Robert

McKay. Longman and Robert McKay are the sole officers, directors and shareholders of Sextant. The third party complaint sets forth six counts alleging contribution, unjust enrichment, money had and received, estoppel, breach of oral contract, and fraud. Essentially, by his third-party complaint, Longman seeks to hold McKay liable for "one-half of the money damages found due and owing to Plaintiff FDIC...." (Third Party Complaint at 7–8).

Mr. Longman has filed a demand for jury trial claiming that this action is essentially an action at law. The FDIC has moved to strike the jury demand claiming that this action is a simple foreclosure proceeding to which no right to a jury trial attaches.

## II. Discussion

The Seventh Amendment to the United States Constitution governs the right to a jury trial in federal civil suits. *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Byrd v. Blue Ridge Rule Electric Cooperative*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

■ In actions that are equitable in nature, however, the Seventh Amendment does not create a right to a jury trial. *Rosenman Colin Freund Lewis & Cohen v. Richard*, 656 F.Supp. 196, 197 (S.D.N.Y. 1987), *aff'd* 850 F.2d 57 (2d Cir.1988). It is well settled that "the right of trial by jury ... does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity." *Katchen v. Landy*, 382 U.S. 323, 337, 86 S.Ct. 467, 477, 15 L.Ed.2d 391 (1966).

■ The FDIC contends that this action is an action to foreclose a mortgage, which is historically an equitable proceeding. In order to determine whether an action is equitable in nature, and thus not triable to a jury, the court must examine both the issues involved and the remedies sought. *Tull v. United States*, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987). "First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.*, at 417–18, 107 S.Ct. at 1835.

Foreclosure actions have long been considered equitable proceedings. In federal court, foreclosure actions have been traditionally tried before the court, and not before a jury. *See, Petition of Rosenman & Colin*, 850 F.2d 57, 61 (2d Cir.1988) (action to enforce attorney lien); *Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir.1961) (federal tax lien); *Walter E. Heller & Co. v. O/S Sonny V*, 595 F.2d 968, 976 n. 7 (5th Cir. 1979) (mortgage foreclosure); *Rozelle v. Connecticut General Life Ins. Co.*, 471 F.2d 29, 31 (10th Cir.1973) (mortgage foreclosure).

The remedy sought by the FDIC in this action is the remedy of foreclosure followed by a deficiency judgment. Under Connecticut law, foreclosure proceedings, which are based upon Conn.Gen.Stat. § 49–1 *et seq.* ("the foreclosure statute"), are treated as equitable proceedings. The foreclosure statute sets forth the orderly procedure by which a party seeking foreclosure may obtain a judgment of strict foreclosure or foreclosure by sale followed by a deficiency hearing before the court. *See*, Conn.Gen.Stat. § 49–14. As in federal court, the Connecticut state courts have held that remedy of foreclosure is an equitable remedy to which no right to a jury trial attaches. *See, Hartford Federal Savings and Loan Assn. v. Tucker*, 196 Conn. 172, 175, 491 A.2d 1084, *cert. denied*, 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985); *Savings Bank of New London v. Santaniello*, 130 Conn. 206, 211, 33 A.2d 126 (1943); *CSB Financial Corp. v. Levy*, 1991 WL 71241, No. CV 89 0098748 (Conn.Super.1991, Ryan, J.); *669 Atlantic Street Associates v. Atlantic–Rockland*

*Associates,* 1991 WL 86216, No. CV 90 01102498 (Conn.Super.1991, Lewis, J.).

The defendant Stuart Longman claims that the likelihood of a substantial deficiency judgment transforms this equitable proceeding into an action at law. This court does not agree with the defendant's claim. The motion for a deficiency judgment is not a separate legal action, but rather, is an essential element of a foreclosure proceeding. *See, Bank of Boston Connecticut v. Platz,* 41 Conn.Supp. 587, 596 A.2d 31 (1991). Since foreclosure proceedings are clearly equitable actions, the likelihood of a substantial deficiency does not transform a foreclosure proceeding into an action at law.

The defendant Longman further contends that since he has alleged the existence of counterclaims that raise issues of law, he has a right to a jury trial in this action. A defendant cannot transform a foreclosure proceeding into an action at law by simply asserting legal defenses and counterclaims. *See, Santaniello,* 130 Conn. at 211, 33 A.2d 126; *CSB Financial,* 1991 WL at 71241; *669 Atlantic Street Associates,* 1991 WL at 86216. Regardless of the defendant's contention that his counterclaims convert this action into an action at law, this proceeding is clearly a simple foreclosure action which is not triable to a jury.[1]

Lastly, Longman claims that because his third-party complaint asserts several causes of action at law, he is entitled to a jury trial. As Longman admits, however, his "Third–Party Complaint is essentially one for contribution." (Memorandum in Opposition to Motion to Strike Jury Demand, at 6). Claims for contribution are equitable claims which are not triable before a jury. *South Carolina Nat. Bank v. Stone,* 749 F.Supp. 1419, 1433 (D.S.C.1990). "Contribution is a remedy that developed in equity, and there is a considerable body of case law dealing with the equity rules governing it." *Id.,* at 1433; *see also, Pacific*

---

**1.** Furthermore, although the court will not examine the ultimate validity of the counterclaims for the purposes of this motion to strike, those claims may be subject to judgment as a matter of law based on the *D'Oench, Duhme* doctrine.

*Indemnity Company v. Linn,* 766 F.2d 754, 769 (3d Cir.1985); *Jones v. Schramm,* 436 F.2d 899, 901 (D.D.C.1970); *Nelson v. Bennett,* 662 F.Supp. 1324, 1327 (E.D.Cal. 1987).

The above-captioned action is, first and foremost, an equitable action to foreclose on a mortgage. Because it is well settled that there is no right to a jury trial in foreclosure proceedings, this court will strike the defendant's jury demand.

### III. Conclusion

For the foregoing reasons, the plaintiff's Motion to Strike Jury Demand is hereby granted.

Any objections to this report and recommendation must be filed with the Clerk of Courts in accordance with 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure and Rule 2 of the Local Rules for United States Magistrates.

*See, D'Oench, Duhme & Co. v Federal Deposit Insurance Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); *Langley v. Federal Deposit Insurance Corp.,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).