113 A.2d 428 (1955)
LEFTCOURT REALTY CORPORATION, Plaintiff,
v.
Harry SANDS and Irene Sands, Defendants.
Court of Chancery of Delaware, New Castle.
April 21, 1955.
Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, and Charles L. MacDonald (of Lewis & MacDonald), New York City, for plaintiff.
H. James Conaway, Jr. (of Morris, James, Hitchens), Wilmington, and Manuel Maxwell, New York City, for defendants.
MARVEL, Vice Chancellor.
Plaintiff, a Delaware corporation, charges in its complaint that the defendant, Harry Sands, while one of plaintiff's directors, violated his fiduciary duty to plaintiff by secretly sharing in profits realized through the purchase of real estate from plaintiff's wholly owned subsidiary. Mrs. Sands, the other defendant, is charged with conspiring with her husband in the alleged breach of his fiduciary duty to plaintiff. The complaint seeks an accounting.
Defendants are residents of Florida, and not being amenable to personal service in Delaware have been ordered to appear and were served as provided for in § 366 of Title 10, Delaware Code. Stock held by defendants in the plaintiff corporation has been seized by a sequestrator. Defendants have not entered a general appearance, nor have they filed a motion under Rule 12, Rules of Court of Chancery, Del.C.Ann., attacking the jurisdiction of the Court. Rather they seek leave to appear for the *429 purpose of contesting plaintiff's claim, asking that their liability, if any, be limited to the value of the property seized by the sequestrator.
This latter type of appearance was allowed in Cheshire National Bank v. Jaynes, 224 Mass. 14, 112 N.E. 500, a case decided under the Massachusetts attachment statute; also in Salmon Falls Manufacturing Co. v. Midland Tire & Rubber Co., 6 Cir., 285 F. 214, a case removed from an Ohio State court and decided under the Ohio statute, and in a number of other federal decisions involving seizures made under what is now § 1655 of the United States Revised Judicial Code, 28 U.S.C.A. The Restatement of the Law, Judgments, § 40, also approves of such a limited appearance in that it permits a non-resident defendant to avoid the dilemma normally presented in foreign attachment, that of either submitting personally to a foreign court or forfeiting the seized property without a battle.[1]
In Delaware, in the case of Kaiser-Frazer Corp. v. Eaton, 7 Terry 509, 85 A.2d 752, in which property of the defendants was attached at law under § 3531 of Title 10 Delaware Code, the defendants sought leave to appear and defend on the same limited basis on which the present defendants wish to litigate. The Court denied the application, holding that under the statute[2] only two types of appearance may be made, a special appearance to raise jurisdictional objections and a general appearance constituting a submission to the Court.
There is no precedent in this Court for the type of appearance defendants wish to make. The statute, § 366, states that the Court may make an order directing a non-resident defendant to "appear", and authorizes the Court to "compel the appearance of the defendant" by seizure of his property in Delaware. The statute also provides that property so seized may be sold under Court order to pay plaintiff's demand, "if the defendant does not appear". Nowhere in the statute is there any direct or indirect reference to a special appearance, but there is no doubt but that such an appearance may be entered in actions under § 366 for the purpose of attacking jurisdiction, E. M. Fleischmann Lumber Corp. v. Resources Corp. International, Del.Ch., 98 A.2d 506.
In the case of Blaustein v. Standard Oil Co., 4 Terry 516, 51 A.2d 568, 571, in which a defendant's property was attached at law, the Supreme Court of Delaware held that in foreign attachment as in other cases, under general rules of law, "a defendant may challenge the court's jurisdiction under a special appearance", although such an appearance is not expressly mentioned in the statute. Compare Kaiser-Frazer Corp. v. Eaton, supra. The normal function of a special appearance is to attack jurisdiction, Syracuse Trust Co. v. Keller, 5 W.W.Harr. 304, 165 A. 327.
In making the pending application, however, defendants necessarily do not raise any question as to the Court's jurisdiction. The question remains, therefore, does § 366 offer a middle way, permitting a defendant whose property is attached to contest the merits of plaintiff's claim, and if unsuccessful, to have liability limited to the value of the seized property?
In Massachusetts, where such an appearance was permitted in Cheshire National Bank v. Jaynes, supra [224 Mass. 14, 112 N.E. 501], the Supreme Judicial Court of Massachusetts held that in a suit on a contract against a citizen of Connecticut, on whom personal service was not made, the Massachusetts attachment statute[3] did not compel the non-resident to appear generally *430 in order to protect the seized property. The Court ruled that the attachment statute itself and the sections of the same chapter having to do with notice did not have the purpose of compelling a non-resident defendant to appear generally "if he appears at all". The Court quoted from the early case of Bissel v. Briggs, 9 Mass. 462, 6 Am. Dec. 88, in support of a policy against compelling a non-resident by attachment to appear generally:
"`It would be unreasonable to oblige any man living in one state, and having effects in another state, to make himself amenable to the courts of the last state, that he might defend his property there attached.'"
The background and specific language of the Delaware equitable attachment statute evidence a legislative intent directly opposed to that found to exist in the Massachusetts statute. The precursor to § 366 of Title 10 Delaware Code was enacted in 1927 and created a remedy in the Court of Chancery analogous to foreign attachment at law, Greene v. Johnston, Del., 99 A.2d 627. Such a remedy had been found not to exist in the statute governing in rem actions,[4] § 3850, Revised Code, 1915, Skinner v. Educational Pictures, 14 Del.Ch. 417, 129 A. 857, which case also held that sequestration to compel appearance under existing Chancery practice must be premised on personal service. In Wightman v. San Francisco Bay Toll-Bridge Co., 16 Del.Ch. 200, 142 A. 783, 784, decided after the 1927 amendment, the Chancellor noted that the seizure of property under the amendment "is for the purpose of compelling an appearance in the first instance". In Cantor v. Sachs, 18 Del. Ch. 359, 162 A. 73, 77, Chancellor Wolcott again commenting on the 1927 amendment stated:
"If such seizure be accomplished, the action then is turned into an action in the nature of a proceeding in rem. The judgment finally entered, though in form a personal one, is nevertheless effective, in the absence of the appearance of the defendant, only to the extent that the seized property is capable of satisfying it."
The Supreme Court of Delaware has held that the sole primary purpose of present § 366 is to compel the appearance of a non-resident, Loft, Inc., v. Guth, 25 Del.Ch. 363, 19 A.2d 721. See also E. M. Fleischmann Lumber Corp. v. Resources Corp. International, supra. In view of the unambiguous language of § 366 and the manner in which it has been interpreted and applied by this Court with the approval of the Supreme Court of Delaware, I am unable to find any basis for the type of appearance here sought to be made by defendant. I believe that the cases in other jurisdictions permitting such a limited appearance are distinguishable.
Turning to the state decisions, it appears that the result reached by the Massachusetts court in Cheshire National Bank v. Jaynes, supra, was premised, as noted above, on a finding as to legislative intent directly at odds with that found in the Delaware statute. In Salmon Falls Manufacturing Co. v. Midland Tire & Rubber Co., supra [285 F. 219], the Court was of the opinion that the Massachusetts statute interpreted in the Cheshire case was "not so different in principle from the Ohio statute as to make the court's reasoning on that score inapplicable.
The case of Miller Bros. Co. v. State, 201 Md. 535, 95 A.2d 286, in which an appearance such as the present defendants seek to make was permitted, cites as authority § 40 of The Restatement of the Law, Judgments. § 40 after expressing its disapproval of *431 compelling a general appearance in attachment or garnishment states (at p. 154)
"If, however, by the law of the State  in which the action is brought it is provided that if the defendant in a proceeding begun by attachment or garnishment enters an appearance for the purpose of contesting the validity of the plaintiff's claim he thereby subjects himself personally to the jurisdiction of the court, such a provision is not unconstitutional as in violation of the Fourteenth Amendment of the Constitution of the United States."
The suit in the cited case was brought under a special statute, Maryland Code 1951, Article 81, § 206, for the collection of taxes against residents and non-residents, and I can find no language under Article 9 of the Maryland Code 1951, pertaining to attachments generally, designed to compel the appearance of a non-resident in the unequivocal language of § 366.
This leaves for consideration the federal cases, which on their surface disclose a split in authority as to whether or not a limited appearance may be entered to protect property seized in actions against an "absent defendant" under § 1655 of the United States Judicial Code.
Sec. 1655 authorizes constructive service upon a defendant not amenable to service within a state, in an action "in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district".
This statute by its very language pertains to actions traditionally in rem concerning the status of property within a district, Myers v. Occidental Oil Corp., D.C. Del., 288 F. 997. It is not applicable in any sort of a lawsuit merely because property of a defendant may be found within the district and the necessary diversity of citizenship between the parties exists, Annotation in 30 A.L.R.2d 208, at page 219 et seq.
Some federal cases treat as surplusage demands for in personam relief when joined with an action properly under the statute. In the case of Bede Steam Shipping Co. v. New York Trust Co., D.C.N.Y., 54 F.2d 658, however, which was a suit to enforce a lien and for a deficiency decree, the Court was of the opinion that the statute did not limit the relief plaintiff may seek. Judge Woolsey felt greater difficulties might be incurred by reason of a plaintiff splitting a cause of action to enforce a lien from one seeking a deficiency decree and possibly waiving his personal claim then in following the normal practice of requiring a non-resident to appear generally or not at all.
In the case of McQuillen v. National Cash Register Co., 4 Cir., 112 F.2d 877, the Court expressly rejected the reasoning of the Bede case insofar as it denied a defendant's right under the statute to have the jurisdiction of the court limited to an in rem proceeding. In the cited case defendants had been allowed to appear specially to limit proceedings to a statutory in rem proceeding for the cancellation of stock of National Cash Register Co. Plaintiffs had
also sought an accounting, injunctive relief, recovery of dividends, bonuses and commissions from officers of the defendant corporation and other in personam relief not within the statute.
In my opinion it is unnecessary to give further consideration to the many federal decisions[5] construing § 1655 inasmuch as they arise under a statute, which does not authorize a federal court to entertain attachment or garnishment actions against an absent debtor, but merely permits attachment as an incident to a suit. They are not in point.
Sec. 366 of Title 10 Delaware Code on the other hand is an attachment statute. Its purpose is to compel the appearance of a non-resident owning property in Delaware where a sale of the seized property *432 "is necessary to render effectual the nature of the relief which the complainant's bill seeks", Wightman v. San Francisco Bay Toll-Bridge Co, supra [16 Del.Ch. 200, 142 A 785]; E. M. Fleischmann Lumber Corp. v. Resources Corporation International, supra.
As indicated earlier in this opinion, under Rule 12 (b) (1) and (2), a non-resident defendant may always attack the jurisdiction of this Court, thereby making in effect a special appearance. The only other type of appearance a non-resident may make under § 366 is a general appearance. Defendants' motion for leave to contest plaintiff's cause of action on the merits, with liability limited to the value of the seized property, is denied.
Order on notice.
NOTES
[1] Where such an appearance is allowed, having been sought because the claim asserted against defendant is in excess of the value of the property seized, the judgment is not res adjudicata whether defendant wins or loses, Cheshire National Bank v. Jaynes, supra, The Restatement of the Law, Judgments, § 40.
[2] The statute provides that appearances may be entered in the same manner as appearances are entered in cases commenced by summons.
[3] Section 1.

"A personal action shall not be maintained against a person who is not an inhabitant of this commonwealth unless he has been served with process within this commonwealth or unless an effectual attachment of his property within this commonwealth has been made upon the original writ, and in case of such attachment without such service, the judgment shall be valid to secure the application of the property so attached to the satisfaction of the judgment, and not otherwise." R.L. c. 170, § 1.
[4] This statute now appears with modifications as § 365, Title 10, Delaware Code.
[5] The comments of the Supreme Court on present § 1655 in General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244, would appear to support the view of the court in the McQuillen case. For an exhaustive annotation on the statute, see 30 A.L.R. 2d 208.