HOWARD R. HUGHES, One of the Defendants Below,
Appellant,

*vs.*

TRANS WORLD AIRLINES, INC., Plaintiff Below,
Appellee.

*Supreme Court, On Appeal, Sept. 29, 1962.*

*As Amended Oct. 25, 1962.*

*James M. Tunnell, Jr.,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.

*Aaron Finger,* of Richards, Layton & Finger, Wilmington, and *Dudley B. Tenney,* of Cahill, Gordon, Reindel & Ohl, New York City, for appellee.

SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.

SOUTHERLAND, Chief Justice: Trans World Airlines, Inc. (TWA), brought suit in the court below against Hughes Tool Company and Howard R. Hughes. The complaint sought, inter alia, an accounting for damages. Hughes is a non-resident of Delaware. To compel his appearance, an order of sequestration was entered seizing

shares of stock of Hughes in Hughes Tool Company, a Delaware corporation.

Hughes appeared (or attempted to appear) specially, and moved to quash the sequestration. The motion set forth:

> "The aforesaid sequestration order and process issued thereunder are invalid, since the 'complaint' on which they were issued fails to state a claim upon which relief can be granted against said defendant Howard R. Hughes, and, therefore, that there was no basis for the issuance of process."

TWA moved to strike the motion on the ground that the question of the insufficiency of the complaint may not be raised or litigated upon a special appearance. The Vice Chancellor granted TWA's motion. Hughes moved for a stay pending appeal. The Vice Chancellor denied a general stay, but ordered a limited stay to afford Hughes an opportunity to apply to this court for a stay pending appeal. Hughes then appealed and applied for a general stay. TWA then moved to dismiss the appeal.

The matter is thus before us upon (1) TWA's motion to dismiss and (2) Hughes' motion for a stay.

1. TWA contends that the Vice Chancellor's order striking the motion to quash the sequestration settled no substantial rights and is therefore not appealable, citing *Sterling Drug Inc. v. City Bank Farmers Trust Company*, 38 *Del.Ch.* 444, 154 *A.2d* 156.

We do not reach this question since we think that a decision on the motion for a stay is dispositive of the appeal.

■ 2. Ordinarily one appealing from an adverse decision of a trial court in a civil case is entitled to a stay of proceedings if the appeal is taken in good faith and presents some question of possible merit for decision. But the granting of a stay is discretionary.

■ If, on the face of the proceedings, appellant's case has clearly no merit a stay should be refused. Cf. *American Hardware Corporation v. Savage Arms Corporation*, 37 *Del.Ch.* 59, 136 *A.2d* 690; *E. L. Bruce Company v. State*, 1 *Storey* 252, 51 *Del.* 252, 144 *A.2d* 533. These cases are not directly in point here, because in each case the

imminence of a stockholders meeting required immediate decision; but they illustrate the general principle that the merits may in a proper case be examined and decided on an application for a stay.

 We think that this is such a case. The motion is an obvious attempt by Hughes to defend on the merits without subjecting himself to the jurisdiction. This is not permissible. An attack on the jurisdiction of the court over a nonresident may always be made by a special appearance; but such an attack may not include an attack on the merits of plaintiff's claim. *Chrysler Corporation v. Dann, Del.Super.*, 171 *A.2d* 223. Cf. *Canaday v. Superior Court,* 10 *Terry* 456, 49 *Del.* 456, 119 *A.2d* 347; *Lefcourt Realty Co. v. Sands,* 35 *Del.Ch.* 164, 113 *A.2d* 428 (aff'd 35 *Del.Ch.* 340, 117 *A.2d* 365). What defendant seeks to do is to include a motion under *Civil Rule 12*(b) (6) under a motion based on Rule *12*(b) (4), *Del.C.Ann.* Indeed defendant by attacking the merits of the complaint has come perilously close to entering a general appearance. Cf. the Canaday case, supra. But this question is not raised and we express no opinion upon it. It is enough to say that we think that the Hughes motion was properly stricken.

 Hughes argues that the statute authorizing sequestration contemplates such a motion as he has made. That statute provides in part as follows:

> "If it appears in any complaint filed in the Court of Chancery that the defendant or any one or more of the defendants is a non-resident of the State of Delaware, the Court may make an order directing such non-resident defendant or defendants to appear by a day certain to be designated. Such order shall be served on such non-resident defendant or defendants by mail or otherwise, if practicable, and shall be published in such manner as the Court directs, not less than once a week for three consecutive weeks. The Court may compel the appearance of the defendant by the seizure of all or any part of his property, which property may be sold under the order of the Court to pay the demand of the plaintiff, if the defendant does not appear, or otherwise defaults." 10 *Del.C.* § 366.

The argument is that by "complaint" the statute means "a pleading which states a claim for relief against the non-resident".

Of course the statute does not so require. Because of its history it has been held that the complaint must contain a claim for monetary damage. See *Wightman v. San Francisco Bay Toll-Bridge Co.*, 16 *Del.Ch.* 200, 142 *A.* 783. The complaint filed below makes such a claim. It is sufficient, as the Vice Chancellor observed, that the complaint, regardless of its merits, is on its face a bona fide one.

Defendant cites 10 *Del.C.* § 3506, relating to foreign attachment at law. This section provides that a writ of foreign attachment may issue upon "proof satisfactory to the Court, * * * that plaintiff has a good cause of action against the defendant in a sum exceeding $50. * * *." The sequestration statute contains neither requirement. If non-residence is alleged, and a monetary claim in any amount is asserted, the defendant's property may be seized.

Defendant cites a number of cases from other jurisdictions. They are decided upon statutes which, unlike ours, appear to require some proof of the cause of action. They are not in point.

Defendant appears to argue that additional safeguards should surround the issuance of the sequestration writ in order to prevent its oppressive use. This matter the statute leaves to the court to deal with by rule. See § 366(b). The suggestion that our statute as herein construed might be unconstitutional we cannot follow. See *Ownbey v. Morgan,* 256 *U.S.* 94, 41 *S.Ct.* 433, 65 *L.Ed.* 837.

We are of opinion that defendant has no case on the merits, and that the application for a stay pending appeal should be denied. However, because the defendant is under an order to appear, a stay for ten days from the date of the mandate is granted to enable him to determine whether to appear in the cause.

Since our decision in effect (though not technically) disposes of the appeal itself, the mandate will affirm the order below, unless defendant desires to be heard further upon the matter.