UNITED STATES of America,
Plaintiff,

v.

M. Jeanne STONE et al., Defendants.

Civ. A. No. 4411.

United States District Court,
D. Delaware.

April 30, 1973.

Ralph F. Keil, U. S. Atty., Alan S. Yoffie, Asst. U. S. Atty., Wilmington, Del., John J. McCarthy, Chief, Gen. Lit. Section, Richard F. Mitchell, and John M. Wood, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Howard M. Handelman, Bayard, Brill & Handelman, Wilmington, Del., and Stanley M. Rosenblum, Rosenblum & Goldenhersh, Clayton, Mo., for defendant, M. Jeanne Stone.

## OPINION

CALEB M. WRIGHT, Chief Judge.

This is a civil action brought by the United States of America (United States) against M. Jeanne Stone (Stone) seeking to satisfy its claim for unpaid taxes for the years 1963–1967. The complaint alleges that the action is filed pursuant to Sections 7401 and 7403 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7401 and 7403, by direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service (IRS). Jurisdiction is based on 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

The suit was filed on July 5, 1972. On that date, pursuant to the mode of service delineated in 10 Delaware Code § 366, this Court issued a Sequestration Order against Stone ordering her to appear personally and appointing Stephen Spiller as Sequestrator to seize and hold the stock and debentures owned by Stone in several Delaware corporations which are co-defendants in this action. The

case is presently before the Court on Stone's Motion to Dismiss and to Quash the Order of Sequestration.

In her motion, Stone raises two basic contentions: 1) venue is improper in this Court, and 2) this type of action and the nature of relief sought preclude utilization of the procedures of 10 Del. C. § 366, the Delaware sequestration statute. The plaintiff of course takes the opposite position to each of these contentions. Moreover, the plaintiff contends that if venue is improper, this case should be transferred to the District of Missouri with the order of sequestration intact.

Stone is a Missouri resident who, during the years at issue, filed her income tax returns in the District of Manhattan, New York, N. Y. On February 7, 1972, the District Director of Internal Revenue made a jeopardy assessment against Stone for unpaid federal income taxes in the total amount of $7,108,861.-73. See 26 U.S.C. § 6861. On July 3, 1972, after notice of this assessment, Stone filed a petition in the United States Tax Court (Tax Court) challenging the deficiency assessed against her and requesting an adjudication of her liabilities for unpaid taxes for the years in question.

On July 17, 1972, subsequent to the filing of this action, the United States commenced a similar action against Stone in the Eastern District for Missouri seeking to subject certain of her property situated in Missouri to the satisfaction of the same tax liabilities involved herein. Pursuant to a Motion to Stay Proceedings, Judge John K. Regan stayed the Missouri action conditioned upon Stone's diligent prosecution of her claims before the Tax Court.

## THE VENUE QUESTION

Although Rules 4(e) and 64 of the Federal Rules of Civil Procedure permit the utilization of state procedures of service and attachment to confer original quasi in rem jurisdiction upon Federal District Courts, the plaintiff must satisfy subject matter jurisdiction and venue requirements before such procedures may be properly employed. Great American Insurance Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997 (8th Cir. 1965); United Industrial Corp. v. Nuclear Corp. of America, 237 F. Supp. 971 (D.Del.1964). Moreover, neither F.R.C.P. Rule 4(e) nor 10 Del.C. § 366 broaden or eliminate the venue requirements applicable to a particular action. See Advisory Committee's Note to Proposed 1963 Amendment to Rule 4(e); 2 Moore Federal Practice, pp. 1236–37 (1962 ed.); 1 Moore, supra, at p. 1618.

Stone's contention that this Court has no venue over this action is predicated upon a characterization of the suit as "a simple action for money allegedly due and owing the United States for unpaid federal income taxes. . . ." Defendant's Brief, p. 5. As so characterized, she argues that it is clearly an action which under 28 U.S.C. § 1396 must be brought either where the tax liability accrues, where the taxpayer resides, or where the tax return was filed.[1] Since Delaware satisfies none of these requirements, Stone concluded that there is a lack of proper venue.

Contrary to the defendant's allegations, this suit is not solely an action for money owing. Rather, as the complaint indicates, it is a suit under 26 U.S.C. § 7403 to subject certain property of the defendant to the payment of her assessed tax liability, and therefore essentially an action in rem or quasi in

---

1. 1396. Internal revenue taxes.
 Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for

such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed.

rem. See United States v. Stone, 257 F.2d 685 (5th Cir. 1958). Venue in § 7403 actions, as in other actions in rem or quasi in rem, is proper only in the district in which the *res* is situated. United States v. Dickerson, 101 F.Supp. 262, 269 (E.D.Mo.1951); see 1 Barron & Holtzoff, Federal Practice and Procedure, § 72, pp. 362–363 (Wright ed. 1960); see also United States v. Dallas Nat. Bank, 152 F.2d 582, 586 (5th Cir. 1945), and United States v. van der Horst, 270 F.Supp. 365 (D.Del.1967). Since under Delaware law the situs of the defendant's Delaware stock and debentures is Delaware, 8 Del.C. § 169; United States v. van der Horst, supra, and Landau v. Best, 41 Del.Ch. 1, 187 A.2d 75 (Del. Sup.1962) appeal dismissed, 375 U.S. 801, 84 S.Ct. 25, 11 L.Ed.2d 37 (1963) venue is proper in this Court.

■ In addition, 28 U.S.C. § 1396 contains merely a permissive grant of venue in cases in which the United States is attempting to collect internal revenue taxes, and does not contain a proscription against bringing actions in other than the enumerated districts when a statute provides an independent basis for venue e. g., 26 U.S.C. § 7403. To hold that 28 U.S.C. § 1396 is mandatory and does restrict venue in this type of suit to the districts specified therein would substantially emasculate the efficacy of § 7403 actions and would in many instances, preclude the United States from the enforcement and collection of internal revenue taxes under the liens statutorily created in the Internal Revenue Code. See 26 U.S.C. § 6321.

### THE AVAILABILITY OF 10 DEL.C. § 366

The defendant maintains that the procedures of 10 Del.C. § 366 for sequestration and service of process may not be used in this action. Both Rules 4(e) and 64 F.R.C.P. permit utilization of state methods for service and seizure of property only "under the circumstances and in the manner provided [under the state statute or rule]." Arguing that 10 Del.C. § 366 is available exclusively in equitable actions cognizable in Delaware's Court of Chancery, Stone claims unless this action is one which could have been brought in the Chancery Court, then sequestration under 10 Del. C. § 366 is impermissible. Characterizing the plaintiff's claim as one for money due and owing in which the relief sought is a simple money judgment, the defendant concludes that it is an action in law which could not be prosecuted before Delaware's Court of Chancery, and therefore, the sequestration procedures of 10 Del.C. § 366 were not properly available to the United States.

The plaintiff argues that an action under § 7403 is equitable in nature and meets the "manners and circumstances" requirements of 10 Del.C. § 366 and the Chancery Court. Moreover, the United States contends that Delaware's traditional separation of law and equity is not binding upon the Federal Courts, and that 10 Del.C. § 366's procedural limitations and the Delaware concepts of law and equity cannot restrict federal procedure under the Federal Rules of Civil Procedure, Rules 1, 2 and 4(e). See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ The plaintiff's second contention is without merit. This case does not present the type of constitutional issue raised in *Hanna*, since any limitation on the availability of the sequestration procedures are products of the specific language of Rules 4(e) and 64 delimiting the circumstances when and manner in which state procedures for service and seizure may be employed.

■ The precise limitations upon the use of state modes of service and seizure by reason of the language in Rules 4(e) and 64 restricting such procedures to "under the circumstances and in the manner provided [in state law]" has not been previously determined. Neither has the effect of Delaware's dual

system of equity and law and the corresponding forms of action and modes of service and seizure, e. g. cf. 10 Del.C. § 366 and 10 Del.C. § 3506, on the availability of these procedures in federal courts and federal actions in light of F.R.C.P. Rule 2 which provides for one form of civil action. However, assuming that the defendant is correct that 10 Del.C. § 366 may only be employed in an action which is equitable and for which there is no adequate remedy at law 10 Del.C. §§ 341, 342,[2] the Court is of the opinion that this action is of that nature and the sequestration provisions of 10 Del.C. § 366 are available to the plaintiff.

 It cannot be successfully argued that only those actions which literally might have been brought in the Chancery Court may employ § 366 sequestration. The federal courts have already held that such state service and seizure procedures are available in wholly federal actions. See Jacobs v. Tenney, 316 F.Supp. 151 (D.Del.1970).

 The federal courts have specifically held that § 7403 actions are equitable in nature. Gefen v. United States, 400 F.2d 476 (5th Cir. 1968); Damsky v. Zavatt, 289 F.2d 46 (2nd Cir. 1961); United States v. Warren, 235 F. Supp. 638 (W.D.N.C.1964), and United States v. Rentz, 213 F.Supp. 521 (N.D. Iowa, 1962). See also United States v. Stone, supra. Although most of these cases involved a refusal to grant the taxpayer's demand for a jury trial on the issues of his tax liability on the grounds that § 7403 was equitable in nature, the cases are equally pertinent in the context of this litigation. In *Damsky*, after discussing the underlying nature of the § 7403 action and characterizing it as a foreclosure of the mortgagor's equity of redemption including a determination of the validity and amount of the mortgage debt, the Second Circuit stated:

"The more modern method of foreclosure through decree of sale, provided for United States tax liens by I.R.C. § 7403, is sufficiently akin to the historic equity practice to preclude successful contention for a right to jury trial with respect to the ascertainment of the amount of the tax lien as against the taxpayer's property and enforcement of the lien by sale." 289 F.2d at 53. (footnotes omitted)

In addition, § 342's requirement that there exists no sufficient remedy at law in any court or jurisdiction of Delaware is satisfied since a § 7403 action to subject Stone's property to the payment of her tax liabilities is the only action against Stone which might properly be brought in this jurisdiction. Finally, the plaintiff has complied with § 366 requirement that an action utilizing the sequestration procedures must state a claim for monetary damages. See Hughes v. Trans World Airlines, Inc., 40 Del.Ch. 552, 185 A.2d 886 (Del.Sup. 1962), and Wightman v. San Francisco Bay Toll-Bridge Co., 16 Del.Ch. 200, 142 A. 783 (1928).

 The defendant's characterization of this action under § 7403 as one in law for a simple money judgment cannot be accepted in light of the specific contrary holdings which are cited above. Thus, Stone's reliance on numerous Delaware cases of an equitable nature to demonstrate that this case is not one sounding in equity is unavailing since it is the federal court's characterization of the § 7403 action as an equitable one which is controlling. Since the § 7403 action to subject a taxpayer's property

---

2. 10 Del.C.

§ 341. The Court of Chancery shall have jurisdiction to hear and determine all matters and causes in equity.

§ 342. The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State.

to the payment of her tax liability is of equitable derivation, it meets the F.R. C.P. Rule 4(e) requirements relied on by Stone.

Certain of the defendant's arguments, e. g. that the plaintiff is merely suing to enforce the lien of the complaint, fail to differentiate between the method of initiating the action and the type of action at suit. Section 366 and sequestration as employed under Rule 4(e) constitute merely a method for initiating the lawsuit and making service. As indicated in Leftcourt Realty Corp. v. Sands, 35 Del.Ch. 164, 113 A.2d 428 (1955) aff'd, 35 Del.Ch. 340, 117 A.2d 365 (Del.Sup.1955), the purpose of § 366 is to compel the personal appearance of a non-resident owning property where a sale of the seized property is necessary to render effectual relief. Quasi in rem jurisdiction over the defendant's property is achieved once the attachment is effected, and the statute seeks to compel personal jurisdiction. 117 A.2d at 368. Such a form of service as a method to compel a personal appearance was certainly contemplated to be proper under Rule 4(e). The plaintiffs underlying action under § 7403 is separate and distinct from the manner in which service is made. Such an action, be it to enforce a lien under 26 U.S.C. § 6321 or subject a taxpayer's property to payment of a tax liability, is federal in nature and must be prosecuted pursuant to federal law regardless of the manner in which it is initiated or service accomplished. While the taxpayer is basically correct that the United States sought to utilize § 366 to obtain a lien on and control over her Delaware property, she is incorrect in her assertion that the acquisition and enforcement of such liens is the sole function of the plaintiff's complaint. Section

7403 clearly authorizes a suit to subject a taxpayer's property to the payment of her tax liability. This is what the plaintiff's complaint seeks to do. As noted previously, Rules 4(e) and 64 allow the utilization of state procedures for service and seizure in conjunction with the underlying § 7403 claim; however, the subsequent litigation on the plaintiff's claims involve matters of federal law.

The defendant argues further that the plaintiff is, through careful pleading, attempting to avoid the requirements of 26 U.S.C. § 6863(b)(3) which prevent a sale of any seized property under a jeopardy assessment when timely appeal is taken to the Tax Court until after the Tax Court's determination of the taxpayer's liability. Stone asserts that the plaintiff has purposely failed to plead a § 7403 action to foreclose its prior tax liens under 26 U.S.C. § 6321 as it did in the Missouri action against Stone because it is attempting to avoid § 6863(b)(3) proscriptions. The Court cannot accept this contention. Whatever the reasons for the plaintiff's decision to fashion its complaint in terms of an action to subject property to the payment of a tax liability rather than a suit to enforce a tax lien, the manner of pleading would not alter or impair the protections of § 6863. However, the federal courts have rejected the defendant's claim that § 6863(b)(3) supercedes § 7403 and precludes a federal court from assuming jurisdiction and permitting the seizure of taxpayer's property pursuant to a § 7403 complaint. Florida v. United States, 285 F.2d 596 (8th Cir. 1960), and United States v. Pettyjohn, 84 F.Supp. 423 (W.D.Mo. 1949). While it is arguable that § 6863 (b)(3) precludes the sale of any seized property until after a Tax Court determination of the taxpayer's liability,[3]

3. The plaintiff contends that § 6863(b)(3) prevents only administrative sale and seizure by the Director, and does not preclude a federal court from ordering a sale under § 7403. See United States v. Pettyjohn, supra.

the section in no manner purports to prevent initiation of efforts toward collection of an outstanding tax liability after a jeopardy assessment. Section 6863(a) specifically provides a procedure whereby the taxpayer can stay any form of collection by filing a bond in the amount of the alleged outstanding tax liability. No such bond has been filed by Stone. Thus, in light of the stay provisions of § 6863(a) and the exclusive reference to the sale of seized property in § 6863(b)(3), the Court concludes that the United States can properly commence this § 7403 action to subject the defendant's property to the payment of her tax liability. This conclusion is buttressed by prior interpretations of § 7403 as a broad statute designed to secure payment of tax liabilities and guarantee maximum protection of governmental interests. See Florida v. United States, supra. See also United States v. Pettyjohn, supra.

Having concluded that the United States may properly commence this action utilizing the sequestration procedures of 10 Del.C. § 366 in spite of Stone's timely petition for review filed with the Tax Court, the Court must consider the question of deferring a determination of the taxpayer's outstanding tax liability until the matter is resolved by the Tax Court. To prevent duplicative expenditures of judicial time and afford the taxpayer an adjudication of her tax liability before the Tax Court, this Court is of the opinion it should stay this action until the Tax Court's final determination of Stone's tax liability. See United States v. O'Connor, 291 F.2d 520, 528 (2nd Cir. 1961). Thus, unless the defendant moves to lift the stay or fails to diligently prosecute her case before the Tax Court, this action will be stayed.

Submit order.