570 F.2d 711
 78-1 USTC P 9225
 George CALESHU, Appellee,
v.
UNITED STATES of America, Donald C. Alexander as
Commissioner of Internal Revenue, a/k/a Commissioner of the
Internal Revenue Service, and J. R. Starkey as District
Director of the Internal Revenue Service and District
Director of the Honolulu District of the Treasury, United
States of America, and James E. Carter as the President of
the United States of America, and Secretary of the Treasury,
United States of America, Appellants.
 No. 77-1508.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 14, 1977.
Decided Feb. 6, 1978.
Rehearing Denied March 13, 1978.
 
 M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, St. Louis, Mo., Leonard J. Henzke, Jr. (argued), Tax Div., Dept. of Justice, Washington, D. C., and Anthony Ilardi, Jr., Washington, D. C., Barry A. Short (former U. S. Atty.), St. Louis, Mo., on appendix and briefs, for appellants.
 Douglas B. Brockhouse, St. Louis, Mo., argued and on brief, for appellee.
 Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.
 STEPHENSON, Circuit Judge.
 
 
 1
 This is an appeal from an interlocutory order of the district court[1] granting Caleshu's motion and ordering the United States to cease prosecuting a suit initiated against Caleshu in the United States District Court for the District of Hawaii. We vacate the district court's order.
 
 
 2
 This case is before us a second time. See Caleshu v. Wangelin, 549 F.2d 93 (8th Cir. 1977). On or about March 20, 1972, the government assessed Caleshue with certain taxes totaling over $30,000 owed by several Hawaii corporations on the theory that Caleshu was a responsible person under 26 U.S.C. § 6672.[2] Caleshu, after paying $3,257.28 of the total claimed assessment brought an action under 28 U.S.C. § 1346(a)(1)[3] and 26 U.S.C. § 7422[4] in the United States District Court for the Eastern District of Missouri against the United States and others, seeking a refund of alleged overpayments of federal taxes and an injunction against further collection of assessed taxes. Following a motion by the government, the district court ordered the refund action transferred to the United States District Court for the District of Hawaii. On taxpayer's petition this court ordered that a writ of mandamus issue directing the district court to vacate its order granting a change of venue from the United States District Court for the Eastern District of Missouri to the District of Hawaii, and to deny the government's motion for change of venue.
 
 
 3
 Following our grant of the writ of mandamus, the government on March 16, 1977, filed an action under 26 U.S.C. § 7402(a)[5] in the United States District Court for the District of Hawaii to reduce the unpaid assessments to judgment. Caleshu countered by filing a motion in the Eastern District of Missouri to stay the action in Hawaii. On April 21, 1977, the district court granted Caleshu's motion to stay the Hawaii action, holding that the government's collection action in Hawaii is a compulsory counterclaim under Fed.R.Civ.P. 13(a) to Caleshu's refund action in the Eastern District of Missouri. This appeal by the government followed.
 
 Rule 13(a) provides in part:
 
 4
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * *
 
 
 5
 This rule was "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Southern Constr. Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962). Under the predecessor of Rule 13(a) the Supreme Court held that the term "transaction" was a word of flexible meaning which may comprehend a series of occurrences if they have logical connection. Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed.2d 750 (1926). This early construction has generally been followed by the lower courts in construing Rule 13(a). Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974).
 
 
 6
 In the instant case the government concedes there is a logical connection between Caleshu's refund action in the Eastern District of Missouri and the government's Hawaii collection action. The government further does not dispute that absent other superceding considerations, the subject matter of the Hawaii collection suit would be a compulsory counterclaim within Rule 13(a). It is the government's position, however, that the nature and purpose of the statutes authorizing government tax collection suits demonstrate Congress' intent that such suits were not to be compulsory counterclaims. We agree.
 
 
 7
 If a taxpayer neglects or refuses to pay any tax, the Secretary of the Treasury may authorize the Attorney General to initiate a collection action to reduce the assessment to judgment under 26 U.S.C. §§ 7401 and 7402(a). Congress has provided that "Any civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." 28 U.S.C. § 1396. Additionally this venue statute does not contain a proscription against bringing actions in other than the enumerated districts when a statute such as 26 U.S.C. § 7403[6] provides an independent basis for venue. United States v. Stone, 59 F.R.D. 260, 264 (D.Del.1973). This court held in Caleshu v. Wangelin, supra, that refund suits brought by individual taxpayers may be prosecuted only in the judicial district in which the plaintiff resides. Therefore, in the instant case if the government's Hawaii action was held to be a compulsory counterclaim, this would necessarily limit any government collection action to the district of Caleshu's residence. We are not persuaded that Congress so intended to limit the government.
 
 
 8
 Congress has also provided that the government generally has up to six years after assessment to bring a collection action. 26 U.S.C. § 6502. The taxpayer, however, may generally bring a refund action six months after paying a tax. 26 U.S.C. § 6532. To require a collection action to be asserted as a compulsory counterclaim in a refund suit, as appellee urges here, would drastically reduce the government's collection time period. Under appellee's theory, a taxpayer could easily make a token payment to cover the withholding tax for one quarter and thereby compel the government to counterclaim with respect to all similar employee withholding taxes and periods. The number of similarly situated employees could be sufficiently large to hinder the government in computing and entering the assessments within the limited time period for filing a counterclaim. Again, we are not persuaded that Congress intended such a result.
 
 
 9
 Finally, it should be noted that Caleshu's action in the Eastern District of Missouri was brought under 26 U.S.C. § 7422 which governs civil actions for refund. In the case of income, estate and gift taxes, 26 U.S.C. §§ 6211 and 6212 provide that the Treasury must notify the taxpayer of a tax deficiency. The taxpayer is then allowed to initiate a Tax Court action, thereby prohibiting assessment of the deficiency until the judgment of the Tax Court is final. 26 U.S.C. § 7422(e) provides that if a taxpayer pays a tax and sues for a refund, and the government then asserts a deficiency respecting such tax, the refund action is stayed to allow the taxpayer to litigate the entire case in Tax Court. On the other hand, if the taxpayer elects to remain in district court rather than litigate in Tax Court, "the Government may but seemingly is not required to bring a counterclaim." Flora v. United States, 362 U.S. 145, 166, 80 S.Ct. 630, 641, 4 L.Ed.2d 623 (1960), aff'g on rehearing, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). See Bar L Ranch, Inc. v. Phinney, 400 F.2d 90 (5th Cir. 1968); Florida v. United States, 285 F.2d 596, 602-04 (8th Cir. 1960).
 
 
 10
 This court in Pfeiffer Co. v. United States, 518 F.2d 124 (8th Cir. 1975), construed section 7422(e) in light of the government's assessment procedures. It was noted there that "the primary purpose of § 7422(e) is to avoid concurrent jurisdiction and to give the taxpayer one additional opportunity to reach the Tax Court, not to draw the Government into the district court in an extraordinary or expedited fashion outside the standard procedural scheme." Pfeiffer Co. v. United States, 518 F.2d 124, 129 (8th Cir. 1975). Furthermore, this court stated in response to the taxpayer's argument that the government was required by Fed.R.Civ.P. 13(a) to assert its common law action of debt by way of counterclaim, "we doubt that the Federal Rules of Civil Procedure can be read to compel the Government to litigate when * * * for reasons of its own it chooses not to." Pfeiffer Co. v. United States, supra, 518 F.2d at 130. Contra, Crocker v. United States, 323 F.Supp. 718, 727-28 (N.D.Miss.1971).
 
 
 11
 We realize, of course, that section 7422(e) does not have direct application to the instant case concerning excise taxes where no Tax Court action is possible. Nevertheless, in our view Congress has given some indication that the government need not counterclaim in a refund action.
 
 
 12
 In summary, the balancing of the interests of Rule 13(a) and those implicit in the government's broad range of tax collection procedures convinces us that Rule 13(a) is not applicable in the instant case. That is not to say that the government has no duty to avoid wasteful multiplicity of litigation.[7] However, if the government is to be required to counterclaim in a refund action such as this one, the remedy lies with Congress.
 
 
 13
 The district court's order is vacated and the United States is permitted to proceed with its Hawaii collection action.
 
 
 14
 ROSS, Circuit Judge, concurring.
 
 
 15
 I concur in Judge Stephenson's well-reasoned opinion as I am satisfied it correctly states the law on the subject of compulsory counterclaims in this situation.
 
 
 16
 Even though the Internal Revenue Service is within its legal rights, I cannot refrain from criticizing the tactics it is using in forcing a taxpayer to litigate his claim several thousand miles from his home after the first suit had been brought by the taxpayer in his home state. In my opinion the practical result may very well be the inability of the taxpayer to get his full day in court because of the cost of defending a suit in Hawaii. This type of legal harassment destroys the confidence of individual taxpayers in the fundamental fairness of the system.
 
 
 
 [1]
 The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 26 U.S.C. § 6672 provides as follows:
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
 
 
 [3]
 28 U.S.C. § 1346(a)(1) states:
 (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
 (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;
 
 
 [4]
 26 U.S.C. § 7422 governs civil actions for refund
 
 
 [5]
 26 U.S.C. § 7402(a) provides:
 The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.
 
 
 [6]
 26 U.S.C. § 7403 authorizes the government to file an action to enforce a lien against the taxpayer's property and to obtain the appointment of a judicial receiver. Venue in section 7403 actions is proper in the district court in which the res is located. United States v. Stone, 59 F.R.D. 260, 264 (D.Del.1973)
 
 
 [7]
 The government contends that the Missouri and Hawaii suits do not involve precisely the same taxpayers. In the Hawaii action, the United States is attempting to collect taxes with respect to unpaid employee taxes of Union Investments, Inc.; unpaid employee taxes of Malei, Inc.; and unpaid air transportation taxes of Union Investments, Inc. The Missouri refund suit does not involve Union Investments' employee taxes since taxpayer did not make payments with respect to those taxes